Crocker v. Agenbroad.

No. 14,138.

## CROCKER v. AGENBROAD.

WITNESS.—*Ante-Trial Examination.*—*Introduction of by Opposing Party.*—*Contradiction of Answers Therein.*—Where one of the parties to a suit is examined out of court under the provisions of section 510, R. S. 1881, the opposing party may introduce said examination in evidence, and then testify to a state of facts directly in conflict with some of the answers made in said examination, and in addition negative in specific and direct language certain of the said answers.

SAME.—*Ante-Trial Examination.*—*Must be Introduced as an Entirety.*—*Contradiction of.*—*Impeachment of Witness.*—The examination must be introduced as an entirety. The opposing party by its introduction is not precluded by the answers made therein. Whether the party so examined is regarded as a witness testifying in the presence of the court or not, the opposing party is not concluded from showing by other witnesses the contrary of what appears in the examination. Under section 507, R. S. 1881, a party producing a witness is even allowed to impeach him by showing that he has made statements out of court which differ from his evidence in court, and may contradict him by other evidence.

From the Wayne Circuit Court.

*T. J. Study,* for appellant.

*C. E. Shively,* for appellee.

BERKSHIRE, J.—This was an action to recover money which the appellee alleged was in the hands of the appellant to and for the use of the appellee.

The appellant answered by general denial and a plea of payment, to which second answer the appellee replied with a general denial.

The cause was tried by a jury, and a verdict returned for the appellee, and, over a motion for a new trial, the court rendered judgment in accordance with the verdict.

The only one of the errors assigned to which our attention is called by the briefs of counsel, is the alleged error of the court in overruling the motion for a new trial.

This error presents but one question, and that relates to the ruling of the court in the admission of certain testimony offered by the appellee to which the appellant objected.

It appears in the record that before the trial the appellee examined the appellant under the provisions of section 510, R. S. 1881, and the examination as taken was filed as a deposition in the cause, as provided in section 511, R. S. 1881.

Upon the trial, and to support his case in the first instance, the appellee read the said examination in evidence, and then placed himself on the witness-stand as a witness, and testified to a state of facts directly in conflict with some of the answers made by the appellant in his said examination, and in addition, in specific and direct language, negatived certain of the said answers made by the appellant.

The contention on the part of the appellant is, that by the introduction of the ante-trial examination the appellee made the appellant his own witness, and was therefore bound by the said examination so far that he could not in direct and specific language negative any part of the said examination; and that in admitting such testimony over the appellant's objection, the court committed an error; that the appellee could not impeach his own witness, and that the evidence objected to was in its character impeaching testimony.

There are several grounds, we think, upon which the ruling of the court may stand.

In the first place the introduction of the ante-trial examination did not put the appellant in the position of a witness testifying in person in the presence of the court and jury.

In the introduction of the said examination the appellee was compelled to introduce it as an entirety; he could not introduce the examination in chief and omit the cross-examination.

Had the appellee made a witness of the appellant at the trial, the examination in chief, as found in the ante-trial examination, would have been all that he would have brought

out by the examination, and the cross-examination would have come from the appellant.

But it may be said that if a party calls a witness and examines him in the presence of the court, he is bound by the witness's evidence in chief, if not by his cross-examination, and can not, therefore, as to the matter brought out in the examination in chief, to which the cross-examination related, discredit the witness. If the correctness of this position were conceded, as to the facts elicited and brought out on cross-examination, it would not be true ; and a stronger reason is manifest for the application of a different rule, where a witness has been examined *de bene esse,* and his examination introduced in evidence, than where the witness is present in person at the trial and examined.

In the one case, as we have said, the whole examination must be introduced by the party at whose instance it has been taken; while in the other the party calling the witness only puts in evidence what is brought out by the examination in chief. In our opinion the examination before the trial is more analogous to answers elicited to interrogatories propounded, and we hardly think it will be claimed that the introduction of answers to interrogatories can control the course of the examination of witnesses at the trial. But if the introduction of the ante-trial examination of the appellant put him in the same position, as a witness, as if he had been called in person before the jury and examined, the contention of the appellant can not be maintained.

It has always been the rule that a party calling a witness who testifies in a given direction, is not concluded from showing by other witnesses the contrary of what the first witness testifies to. This much is conceded by the appellant.

The appellee, then, was entitled to prove by other witnesses that the particular testimony given by the appellant in his said examination was not, in fact, true ; but it is contended that when the appellee was permitted to testify directly and specifically that no such conversation occurred

as the appellant had stated in his said examination, this was impeaching testimony, and not evidence tending to establish a different state of facts. We do not think so ; if no. such conversation took place as the appellant had stated, all that the appellee could well do was to say so. But section 507, R. S. 1881, expressly provides that a party producing a witness shall be allowed to impeach him by showing that he has made statements out of court which differ from his evidence in court, and may contradict him by other evidence.

We think the court committed no error in its ruling complained of, and that this appeal was taken for delay merely.

Judgment affirmed, with ten per cent. damages.

