## GIUSEPPE CONTINO *vs.* JOHN TURELLO.

Second Judicial District, Norwich, October Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

General Statutes, § 4798, forbids loans by others than pawnbrokers at a rate of interest greater than twelve per cent per annum; and § 4799 prescribes that no one shall "with intent to evade the provisions of § 4798," accept a note for a greater amount than that actually loaned. *Held* that the mere acceptance of such a note, though strongly evidential of a wrongful intent, was not necessarily and as matter of law conclusive thereof.

The trial court in the present case found that although the plaintiff accepted a note for $6,000 in return for a loan of $4,950, he had, at the time of the acceptance, no intent to collect from the makers more than the amount actually loaned. *Held* that in view of this finding, the trial court's conclusion, that at the time of acceptance the note was usurious as between the maker and payee, was erroneous.

It also appeared that the defendant indorsed the note for the maker's accommodation before delivery to the plaintiff, and that at maturity the plaintiff demanded payment of the face of the note by the defendant and, upon refusal, brought this action to enforce his demand. *Held* that the plaintiff's demand for payment of the face of the note was a usurious act forbidden by § 4798 of the General Statutes, and that, therefore, this action could not be maintained in view of § 4802 of the General Statutes, providing that no action shall be brought to recover principal or interest on

Contino *v.* Turello.

any usurious loan or "upon any cause arising from the negotiation of such loan."

As a general rule an accommodation indorser has the same right to contest a usurious note as the maker, and, on this ground, the present case is to be distinguished from *Baggish* v. *Offengand,* 97 Conn. 312, which was concerned with the rights of an indorser in due course.

*It seems* the plaintiff could have recovered had he brought an action only for the amount actually loaned by him.

Argued October 21st—decided December 1st, 1924.

ACTION by the payee against the indorser of a promissory note to recover the amount thereof, brought to and tried by the Superior Court in New London County, *Hinman, J.;* facts found and judgment rendered for the plaintiff for $7,014, and appeal by the defendant. *Error; judgment to be entered for defendant.*

On May 4th, 1921, Duca and DiNoto made to the plaintiff a negotiable promissory note for $6,000. The defendant Turello indorsed this note before it was delivered to Contino, the plaintiff. The indorsement was not for the accommodation of the payee. Turello intended to be bound as an indorser. The makers delivered the note to the payee after the note was so made and indorsed. At the delivery the payee, plaintiff herein, paid the makers $4,950. The plaintiff was rather ignorant, unaccustomed to business matters of this kind, and had not loaned money before, except in small sums. When the makers presented the note for $6,000 to the plaintiff, he inquired why it was made for that amount instead of for $5,000, and accepted the note only upon the insistence of the makers, he thereby intending and expecting to receive, in payment of the note at maturity, only the amount he had loaned. The plaintiff had no intention to exact any usurious payment from the makers of the note, nor to evade any statutory provision concerning usury.

The defendant Turello was not a party to any usurious agreement arising out of the transaction between

the plaintiff and the makers of the note. The note was duly presented for payment, but was not paid. Notice thereof was duly given to the defendant. The plaintiff still owns the note and it has not been paid.

The trial court, upon these facts, reached the following conclusions: "1. The note in suit was usurious as between the makers and the payee. 2. Since the defendant Turello, as indorser, was not a party to the usurious agreement between the makers and the payee, the defense of usury is not available to this defendant against the plaintiff [payee]. 3. The plaintiff accepted the note without any intent to evade the provisions of §§ 4798 and 4799 of the General Statutes. 4. The bringing of an action to recover on the note is not prohibited by § 4802. 5. The plaintiff is entitled to recover, on said note, against this defendant."

*Philip Z. Hankey*, for the appellant (defendant).

*Frank L. McGuire*, for the appellee (plaintiff).

WHEELER, C. J. The defendant indorser's reasons of appeal support his claims that the note in suit was usurious, because: (1) the plaintiff payee had accepted the note for $6,000, being a larger amount than was loaned thereon, $4,950, and with intent to violate the provisions of General Statutes, § 4798 * and § 4799 †; (2) the plaintiff demanded payment of the face of the note instead of the amount actually loaned, and with

* § 4798. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 3011, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per centum per annum.

† § 4799. No person and no firm or corporation or agent thereof, shall, with intent to evade the provisions of section 4798, accept a note or notes for a greater amount than that actually loaned.

intent to violate General Statutes, § 4798. Further reasons of appeal are: (3) that plaintiff cannot maintain this action because in violation of and prohibited by § 4798 and § 4799, and in addition because the plaintiff cannot make his unlawful acceptance of this note the basis of a recovery at common law; (4) that the recovery against defendant indorser could not exceed the amount actually loaned; and (5) that interest on the note should be computed from the maturity of the note instead of from its date.

These summarize the chief points of the appeal, aside from the correction of the finding, and their disposition will determine the appeal. Correction of the finding by striking out paragraphs nine and ten, which recite that the payee accepted the note intending to receive at its maturity only the amount loaned, and without intention to exact any usurious payment from the makers nor to evade the statute concerning usury, and inserting in place that the payee accepted the note in violation of General Statutes, § 4798 and § 4799, was denied.

The two elements required to constitute an acceptance of a note in violation of these statutes are its acceptance contrary to the terms of these statutes, and with the specific, unlawful intent to violate the statutes. The fact that the note exceeds the amount loaned is evidential of this intent, but not conclusive, since it may be open to explanation satisfying the trier that its acceptance was not with the unlawful intent, which is an essential element to bring it within the prohibition of these statutes. De Vito v. Freberg, 94 Conn. 145, 148, 108 Atl. 547. The instances where such an explanation will be accepted by a trial court when the face of the note exceeds the amount loaned, will be rare, and the liability of its manufacture, in order to avoid a liability upon the note, will always be very carefully

weighed by the trier before accepting the explanation.
The plaintiff payee offered evidence tending to show
that he did not intend by accepting this note to violate
these provisions of the statute, and we cannot hold,
as matter of law, that the court found the facts in
explanation and recited in paragraphs nine and ten,
contrary to or without evidence. The conclusion of
the trial court, that the note was usurious as between
the makers and the payee, if it refers to the time of the
acceptance of the note, is plainly unsupported by the
finding. These paragraphs of the finding make such a
conclusion as applied to the acceptance of the note
wholly inadmissible. Paragraph ten of the finding is
confined to the time of the acceptance of the note by the
payee when delivered to him by the makers. It cannot
be interpreted to include the time when the payee made
demand upon the defendant indorser for payment of
the face value of the note. Neither can the conclusion
be so interpreted, since by its terms it limits the usu-
riousness of the note to the transaction "between the
makers and the payee." The reasons of appeal based
upon usury between makers and payee must, upon the
facts found, fail.

The motion to correct asked to have added to the
finding: "The plaintiff presented the note for payment
in the full amount of $6,000, and demanded payment
in the full amount thereof"; and "The plaintiff sued
for, and upon the trial demanded payment of, the note
in the full amount of $6,000." There is no controverted
issue as to these facts and they sufficiently appear in
the record before us, although it would have been
better had the finding been made more specific upon
these facts by complying substantially with these
requests. No correction of the finding was asked by
adding that the payee at the time of his demand of
payment intended to violate the provisions of § 4798

and § 4799.   No fact is found which directly or indirectly explains the fact of the making of the demand, nor is a conclusion possible from the facts found that the payee did not at the time of his demand intend to claim the face of this note.   His demand was for the face of the note, $6,000, when he knew that only $4,950 was due, since this was the amount he had loaned.   In the absence of any facts from which a reasonable inference could be drawn that this demand for the face of this loan was not intended to violate § 4798, by demanding interest at a rate greater than twelve per centum per annum, the only legal conclusion which could be drawn was that the demand was made with this illegal intention.   The correction that "said note did not purport to draw interest," should have been granted, and we add this to the finding.   While the trial court has found that defendant Turello's indorsement was not for the accommodation of the plaintiff payee, it has not found that Turello was not an accommodation indorser.   The parties assume, and the record makes it clear, that as between the makers and the indorser Turello, he was an accommodation indorser, and we purpose disposing of this case as though this fact, which the parties accept as one of the facts in the case, had been a part of the finding.

We have, then, the case of a payee who loans a less sum of money on a note than its face, but not intending to demand payment on the note of more than the amount loaned, but subsequently demands of an accommodation indorser on the note payment of the face of the note; and the question is whether the payee can maintain an action against the indorser for the face of this note when the statute, § 4802,* prohibits an action

---

* § 4802. No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 4798, 4799 and 4800, or upon any cause arising from the negotiation of such loan.

Contino *v.* Turello.

upon any cause arising from the negotiation of a loan and the demand for interest thereon at a rate greater than twelve per centum per annum. Assuming that there was no usury in the payee's acceptance of the note by reason of his repudiation of the excess of the note over the amount loaned, the demand upon the indorser for usurious interest within § 4798 was an action which arose out of the negotiation of a loan prohibited by § 4798, and hence was an action prohibited by § 4802. The statute, § 4798, when first enacted, radically changed our law against usury. Its terms are broad; it would be difficult to conceive of a more inclusive statute. No person, with certain named exceptions, shall, as guarantor or otherwise, and hence as indorser, directly or indirectly, charge, demand, accept or make any agreement to receive, for a loan, interest at a rate greater than twelve per centum per annum. When the plaintiff payee made demand of this indorser for the face of this note, he was demanding the usurious interest which is prohibited by these statutes, and he cannot maintain an action upon such demand. As a general rule, the accommodation indorser has the same right to contest a usurious note as the maker. Note, 22 Amer. Rep. 292.

Had the action been brought to recover the amount actually loaned, recovery might have been had.

The plaintiff relies upon the recent case of *Baggish* v. *Offengand,* 97 Conn. 312, 320, 116 Atl. 614, in which it is said: "Behind that defense an indorser could not find protection, because he was not a party to the alleged usurious agreement and could not be injured thereby." This statement is made upon the facts before the court in that action, which showed that the usurious agreement was between the maker and payee, to which the indorser was not a party, and as a result of which no facts appeared which showed that the

indorser could have been injured by the usurious agreement, since he indorsed the note without knowledge of its usurious character. The principle there announced had reference to an indorser who is not an accommodation indorser and indorses without knowledge of the usury. A reference to the facts in this record and particularly to the record upon the second appeal, reported in 99 Conn. 683, 686, 122 Atl. 790, will disclose this to have been the situation. The issue in the instant case, concerning an accommodation indorser, makes it unnecessary for us to review, as the defendant insists that we shall, the principle quoted and applied to an indorser upon consideration.

There is error, the judgment is set aside and the Superior Court directed to render judgment for defendant.

In this opinion the other judges concurred.