ALANSON J. TILDEN *vs.* THE CENTURY REALTY
COMPANY ET ALS.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 31st—decided December 12th, 1930.

*Michael V. Blansfield,* for the appellants (defendants).

*Albert W. Hummel,* with whom was *Edward G. Bobbin,* for the appellee (plaintiff).

MALTBIE, J. This action was brought to secure the foreclosure of a mortgage securing a note for $11,000. In a special defense the defendant The Century Realty

Company alleged that the amount actually loaned was $10,000, but that a bonus of $1000 was added upon the plaintiff's agreement that he would not demand payment for a period of at least five years. The allegations of the special defense were incorporated in a cross-complaint wherein the defendant claimed, among other things, a reformation of the note and mortgage and a decree that they be declared null and void because the amount of the loan was $10,000 and not $11,-000. After a demurrer by the plaintiff to the special defense and cross-complaint had been overruled, he was permitted to file another demurrer addressed to these claims for relief. The granting of permission to file the latter demurrer rested in the sound discretion of the trial court and, in view of the fact that, if sustained, it would materially help to define the issues to be litigated, an abuse of that discretion certainly cannot be found. The ruling of the trial court sustaining the demurrer was correct; the allegations of the cross-complaint afforded no basis upon which relief by way of reformation of the note and mortgage could be granted and the inclusion in the note of the $1000 as bonus, in the absence of other allegations showing that the agreement to pay it was unlawful or against public policy, could not be held to make the note and mortgage invalid. *Valente* v. *Porto,* 93 Conn. 146, 148, 105 Atl. 338.

The trial court has found that the agreement alleged in the special defense and counterclaim was not proven and, as the evidence in regard to it was conflicting, the finding cannot be corrected to include it. The appellant claims error in the admission of a question asked on cross-examination of one of its expert witnesses on the value of the property as to whether his estimation of the value would be changed if he knew that the floors were in poor condition; the basis

of the objection was that no evidence had been introduced as to any such condition of the floors; but, other considerations aside, no harmful error could be predicated upon the witness' answer that before replying he would want to see how poor their condition was and all about them. As to the admission of the other question of which the appellant complained, it is sufficient to say that the record does not disclose that any answer to it was made and, further, that the appellant's characterization of the question as immaterial is correct.

The appellant complained of the failure of the trial court at its request to make a special finding of facts pursuant to §§ 5660 and 5664 of the General Statutes. The former section was not applicable in this case because it is restricted to actions for legal relief. The latter section provides for the incorporation into the judgment directly or by reference of the special facts upon which it is based. It therefore follows that the trial court has no power to make a special finding of facts under this statute after the end of the term in which the judgment is rendered, any more than it would have power to correct the judgment in other respects after that time. *Corbett* v. *Matz*, 72 Conn. 610, 615, 45 Atl. 494; *Morris* v. *Winchester Repeating Arms Co.*, 73 Conn. 680, 49 Atl. 180. As the appellant's request was made after the end of the term in which the judgment was rendered, the trial court was correct in denying it.

The times fixed in the judgment for the redemption of the property have passed pending the appeal. To meet such a situation our rules provide as follows: "If a judgment fixing a set time for the performance of an act is affirmed on appeal by the Supreme Court of Errors, and such time has elapsed, pending the appeal, the court which rendered the judgment appealed

from may, on motion and due notice, modify it by extending the time." Practice Book, p. 271, § 128. This court has on occasion itself set new law days in similar situations; *Scanlon* v. *Parish*, 85 Conn. 379, 383, 82 Atl. 969; *Peck* v. *Brush*, 90 Conn. 651, 658, 98 Atl. 561; but we judge it to be the better practice to leave the matter to be disposed of under the rule, involving as it does an exercise of discretion upon a matter as to which the parties may well desire to be heard. *Brooks* v. *Benham*, 70 Conn. 92, 99, 38 Atl. 908, 39 id. 1112. The judgment of the trial court having become ineffective in an essential respect, through delays incident to the legal process of appeal, what is in effect a new judgment is necessary. This new judgment should take the form of a confirmation of the original one in all respects except as modification is made necessary by fixing different days for the redemption of the property.

There is no error.

In this opinion the other judges concurred.