ISAAC COHEN *vs.* SALVATORE MANSI ET ALS.

Third Judicial District, New Haven, January Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued January 21st—decided April 6th, 1931.

*Edwin S. Pickett,* with whom, on the brief, was *Franklin Coeller,* for the appellants (defendants).

*Harry L. Edlin,* for the appellee (plaintiff).

MALTBIE, C. J. This is an action to foreclose a mortgage upon real property made to secure a note for $24,000. The defendants rest their contention upon the fact that the amount actually loaned was $19,000, the balance of the note consisting of a bonus of $4000 and a commission of $1000 for making the loan. Our statute against usury expressly exempts "any bona fide mortgage of real property for a sum in excess of five hundred dollars." General Statutes, 1918, § 4803, now § 4737 of the Revision of 1930. The classification in the statute by which such mortgages are exempted from its operation is one which the legislature might reasonably make, and the statute is not open to attack upon constitutional grounds. *State* v. *Hurlburt,* 82 Conn. 232, 72 Atl. 1079; *State* v. *Griffith,* 83 Conn. 1, 3, 74 Atl. 1068; *S. C.,* 218 U. S. 563, 569, 31 Sup. Ct. 132. It is true that when these cases were decided, the exception in the statute included all bona fide mortgages of real or personal property, and the limitation of the exception to real estate mortgages in excess of $500 has since been added. But a classification of loans according to the amounts involved is a not unusual feature of legislation for the protection of borrowers, upon the ground that those who seek loans of larger sums "do not require the same protection as do others less fortunately endowed." *Caldwell & Co.* v. *Lea,* 152 Tenn. 48, 54, 272 S. W. 715; *State* v. *Wickenhoefer,* 6 Pen. (Del.) 120, 64 Atl. 273, 278. Classification upon such a basis being permissible, the fixing of the line between loans to be included within the statute and

those to be omitted from its operation is for the legislature, and their action will only be held violative of the Constitution if it is clearly arbitrary and unreasonable.

An addition to the amount of a loan by way of bonus certainly could not be made a cloak for a violation of the statute. *Contino* v. *Turello,* 101 Conn. 555, 558, 126 Atl. 725; *Columbus Industrial Bank* v. *Rosenblatt,* 111 Conn. 84, 87, 149 Atl. 209. But the mere fact that a bonus is included in a mortgage which otherwise is within the exception in the statute will not destroy its bona fides nor entitle the borrower to relief in proceedings for foreclosure. The payment of a bonus as consideration for the making of a loan is one of the commercial usages of the times. Often it is no more than fair compensation to the lender for additional risk assumed by loaning more upon a particular security than sound business practice would justify; often it is the only means which makes it possible for the borrower to secure any loan, or one adequate to his needs. Broadly to condemn all agreements for the payment of a bonus would be to interfere with business customs in a way not so clearly justified by public policy as to afford a proper basis for action by the court. In a particular case the facts may show that it is unlawful or against public policy; *Tilden* v. *Century Realty Co.,* 112 Conn. 439, 440, 152 Atl. 707; or there may be present circumstances of fraud, duress, unconscionable advantage taken of the borrower, or other recognized grounds for equitable relief; in such cases the courts can undoubtedly afford redress. But if regulation of a broader scope is desirable, the matter is one for legislative, not judicial action. In the instant case all we have before us is the bare fact of the agreement for a bonus and commission and that is not

enough to establish any right of the defendant to relief.

There is no error.

In this opinion the other judges concurred.