JACOB KRUZANSKY ET AL. *vs.* THEODORE SCOMBUL ET AL.

Third Judicial District, New Haven, June Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 3d—decided July 29th, 1931.

*Burton F. Sherwood,* with whom, on the brief, was *J. Moss Ives,* for the appellants (plaintiffs).

*Harry Silverstone,* with whom, on the brief, was *Eli H. Millner,* for the appellant (defendant Scombul).

Avery, J. This is an action brought to foreclose a mortgage on defendant's real estate in Danbury for an alleged indebtedness of $625. From the finding of the court, it appears that June 6th, 1928, the plaintiffs loaned to the defendant $480, taking the defendant's note, dated on that day, for $625, and handing to the defendant the plaintiffs' check for that amount, which the defendant was required to endorse and return to the plaintiffs, who cashed it and turned over to the defendant $480, retaining the balance, $145, as a claimed bonus and interest. The note bore interest at the rate of six per cent, payable semiannually from its date, but the interest was not payable, by the terms of the note, in advance; and the court has found that so much of the sum of $145 as was retained by the plaintiffs, and kept for the interest, was not in payment of interest due and payable on the date of the note. The interest demanded and retained was computed upon the face amount of the mortgage note of $625. At the end of the year, being unable to pay the note, and the plaintiffs demanding the full amount thereof, the defendant paid $90 to obtain plaintiffs' forbearance from exacting payment of the full amount. On the next interest date, December 6th, 1929, the plain-

tiffs again demanded payment of the note in full; and the defendant thereafter, and within a period of six months, in two payments paid $56.25 to induce the plaintiffs to forbear from proceeding to exact payment of the entire amount. In addition to these sums, the plaintiffs demanded that the defendant pay interest at the rate of six per cent upon the full face amount of the note for six months from December 6th, 1929, to June 6th, 1930; and the defendant paid $18.75 in full of interest upon the face amount of the mortgage note of $625 at the rate of six per cent for that period. By writ, dated July 26th, 1930, the plaintiffs brought suit to foreclose the mortgage, claiming the face amount of the note, $625, was due. The court has found that the note and mortgage were taken with intent to evade the provisions of General Statutes, § 4732; and ordered judgment for a strict foreclosure for $369, the actual amount of the loan found by the court remaining unpaid at the time of the judgment. The plaintiffs. appealed upon the ground that the court should have found the amount due as $643.75, the face of the note with interest. The defendant appealed, claiming that the judgment should have been in his favor on the ground that the entire loan was usurious and unenforceable under General Statutes, §§ 4732, 4733, 4734, 4736 and 4737. The plaintiffs ask that the finding be corrected to show that the amount of money actually turned over to the defendant, at the negotiation of the loan, was $480; and that the defendant was credited with one year's interest at the rate of six per cent, making a total of $508.80 as the amount of the loan, the added interest being credited on the amount actually loaned. The evidence annexed to the finding does not justify the correction requested, and the same is denied.

The facts found by the court fully justify the con-

clusion that the loan in question was made with the intent to evade the provisions of General Statutes, §§ 4732 and 4733. General Statutes, § 4736, provides: "No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 4732, 4733 and 4734, or upon any cause arising from the negotiation of such loan." The effect of these provisions was considered by us recently in *Contino* v. *Turello,* 101 Conn. 555, 561, 126 Atl. 725. We there said: "The statute [§ 4732], when first enacted, radically changed our law against usury. Its terms are broad; it would be difficult to conceive of a more inclusive statute. No person, with certain named exceptions, shall, as guarantor or otherwise, and hence as indorser, directly or indirectly, charge, demand, accept or make any agreement to receive, for a loan, interest at a greater rate than twelve per centum per annum." In that case, partners made a note payable to the plaintiff for $6000; and, before its delivery, the defendant endorsed for the accommodation of the makers. The note was then delivered to the payee who paid the makers $4950. The court found that the plaintiff, an ignorant man, accepted the note at the insistence of the makers and with no intention of receiving in payment more than the amount loaned. The payee subsequently demanded of the accommodation endorser the face of the note, and we held that he was demanding usurious interest, and could not maintain an action upon such demand. We said (p. 561): "Had the action been brought to recover the amount actually loaned, recovery might have been had." If an action had been brought for the amount actually loaned, the plaintiffs' conduct would have been consistent with their claim that the acceptance of the note was not with any unlawful intent to violate the statute; and if the court had found that there was

no such unlawful intent, recovery would have been permissible. In the instant case, however, the note, having been given with the intent to violate the statute, no recovery can be had in an action by the payee against the maker of either the face amount of the note or the amount actually loaned.

Among the loans excepted from the provisions of the statute by General Statutes, § 4737, are "any bona fide mortgage of real property for a sum in excess of five hundred dollars." The present case cannot be held to come within this exception to the statute, as the court has found that the amount of the actual loan was only $480; that it was loaned upon a demand note which did not provide for payment of interest in advance for any period; that the difference of $145 retained by the lender between the amount actually paid to the borrower and the face of the note was not retained pursuant to any agreement to pay interest in advance; and that the money was so retained with intent to evade the provisions of the statute. The plaintiffs at all times, according to the finding, demanded payment of the face of the note, and in this suit, brought to foreclose the mortgage, set up the indebtedness as $625. The finding in this case presents a usurious loan on which no recovery can be had.

There is no error on plaintiffs' appeal; there is error on defendant's appeal, and the cause is remanded to the Court of Common Pleas with directions to enter judgment for the defendant.

In this opinion the other judges concurred.