EUGENE BOCHICCHIO *v.* TERESINA A. PETROCELLI.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued January 2—decided February 7, 1940.

*Finton J. Phelan* and *Humbert E. Mangini,* for the appellant (plaintiff).

*William W. Gager,* for the appellee (defendant).

AVERY, J. The plaintiff brought this action to recover on two notes. Their execution is admitted. The defense was that the notes were given in substitution of an original note for more than the amount loaned, with the intent to evade the provisions of the statutes against usury. The facts as shown by the finding are these: On May 18, 1925, Carmelio Bochicchio loaned Teresina A. Petrocelli $1500, and on the same day she gave him her note for $1650, payable on demand with interest at the rate of 6 per cent. per annum, and to secure the note she mortgaged to him her home. Thereafter, on April 11, 1934, she refinanced all the obligations secured by mortgage or other lien upon her home, and gave Bochicchio two notes, one for $1440, payable on demand with interest at 6 per cent. per annum, secured by a mortgage; another for $210, payable to the order of Carmelio Bochicchio six months after date with interest. These were given to Bochicchio in substitution for and as a renewal of the pre-existing note of $1650. On May 4, 1935, he assigned and indorsed them to his brother, Eugene Bochicchio, the plaintiff, who paid no consideration therefor. In answer to interrogatories moved by the defendant, the plaintiff stated that he had paid a valuable consideration for the notes in an agreement on his part to pay for the support of his brother Carmelio during life. The trial court found specifically that no evidence was offered at the trial to support

this claim, the only testimony being that of the plaintiff himself that he paid nothing for the notes; and the trial court also found that the plaintiff offered no evidence to explain why the note of $1650 given on May 18, 1925, as evidence of the loan of $1500 exceeded the amount of the loan; and, further, offered no evidence to explain why the two notes in suit given as renewal of and as substitution for the first note exceeded the actual amount of the loan.

The trial court concluded that the notes were invalid on the ground of usury. The plaintiff in this appeal makes two claims: first, that the burden of proof that the notes were usurious was upon the defendant and that this burden was not met; second, that the court was in error in finding that the plaintiff was not a holder for value. The usury statutes in force when the original loan was made were General Statutes, Rev. 1918, §§ 4798, 4799, 4801, 4802 and 4803. These statutes do not differ in substance from §§ 4732, 4733, 4735, 4736 and 4737 of the Revision of 1930, as far as this case is concerned. General Statutes, § 4737, excepts from the operation of the usury statutes "any bona fide mortgage of real property for a sum in excess of five hundred dollars." In § 4803 of the Revision of 1918, this exception applied to "any bona fide mortgage of real property exceeding the sum of five hundred dollars." In *Atlas Realty Corp.* v. *House*, 120 Conn. 661, 670, 183 Atl. 9, it was decided that the exception in the statute did not apply to an action brought upon the note but only applied to an action brought to foreclose the mortgage securing the note. The original note in this case having been payable on demand and having been made for a sum in excess of the amount actually loaned, it was within the power of the payee to exact a return greater than at the rate of 12 per cent. per annum upon the money

actually loaned, and the note on the face of it was usurious. *Columbus Industrial Bank* v. *Miller,* 125 Conn. 313, 317, 6 Atl. (2d) 42; *Browne* v. *Vredenburgh,* 43 N. Y. 195, 197; 27 R. C. L. 223, § 24; 66 C. J. 201, § 116. In *Contino* v. *Turello,* 101 Conn. 555, 558, 126 Atl. 725, we said: "The two elements required to constitute an acceptance of a note in violation of these statutes are its acceptance contrary to the terms of these statutes, and with the specific, unlawful intent to violate the statutes. The fact that the note exceeds the amount loaned is evidential of this intent, but not conclusive, since it may be open to explanation satisfying the trier that its acceptance was not with the unlawful intent, which is an essential element to bring it within the prohibition of these statutes." No evidence having been offered to explain the difference between the face amount of the note and the amount actually loaned, the trial court was justified in finding that the original note was usurious. The notes in suit being but renewals of it are tainted with the same defect. *Brown* v. *Marion National Bank,* 169 U. S. 416, 418, 18 Sup. Ct. 390, 391; *Pardoe* v. *Iowa State National Bank,* 106 Iowa 345, 349, 76 N. W. 800, 801; 66 C. J. 258, § 222; 27 R. C. L. 250, § 54; 6 Williston, Contracts (Revised Ed.) 4776.

The plaintiff makes the further claim that the court should have found that he was a holder for value in view of the answer to the interrogatory filed to the effect that he gave a valuable consideration for the notes in agreeing to support his brother for life, notwithstanding the fact justifiably found upon his testimony at the trial that he paid nothing at the time of the transfer. This is a misapprehension of the effect of an answer to an interrogatory. An answer filed by a party to an interrogatory has the same effect as a judicial admission made in a pleading or in open

court. It relieves the opposing party of the necessity of proving the fact admitted; *King* v. *Spencer,* 115 Conn. 201, 204, 161 Atl. 103; *Kanopka* v. *Kanopka,* 113 Conn. 30, 38, 154 Atl. 144; but it is not conclusive upon him and will not prevail over evidence offered at the trial. *Crocker* v. *Agenbroad,* 122 Ind. 585, 587, 24 N. E. 169; *Sawdey* v. *Spokane Falls & N. Ry. Co.,* 30 Wash. 349, 354, 70 Pac. 972; 2 Jones, Evidence (4th Ed.) 1263. The only evidence before the trial court, as far as appears, was that of the plaintiff himself, who testified that at the time of receiving the two notes he paid nothing. It follows that the finding of the trial court that the plaintiff was not a holder for value must stand. This finding makes it unnecessary to consider whether the defense of usury is available against a holder in due course of a negotiable instrument, since the adoption in this state of the Uniform Negotiable Instruments Law.

There is no error.

In this opinion the other judges concurred.