THE BRIDGEPORT MORTGAGE AND REALTY CORPORATION *v.* HARRIET A. WHITLOCK, ADMINISTRATRIX, ET ALS.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 1—decided May 8, 1941.

*David R. Lessler,* with whom was *Jacob Y. Sachs,* for the appellant (plaintiff).

*Samuel Engelman* for the appellees (defendants Russell), with whom was *Edward W. McPadden,* for the appellees (defendants Whitlock, administratrix, et als.).

AVERY, J. The plaintiff brought this action to foreclose two mortgages on real estate. The case was tried to the court and judgment entered for the defendants upon the ground that the mortgages were null and void because of usury. The material facts are these: In 1930, Henry Russell owned a farm in the town of Stratford, and being in need of money he applied to Jacob Miller for the loan of $1000. Miller told him he would make the loan if Russell would pay a bonus of $400 and if Russell, his wife, and some third party would give a mortgage on their property as security for the loan, provided, after examination, Miller was satisfied with the property. Russell agreed to comply with these terms and gave Miller the name of Daniel E. Whitlock, who owned a home and about three acres of land, as a third party. Thereafter, Miller examined the properties, had the titles searched, and informed Russell he would make the loan. On November 7, 1930, Russell, his wife, and Whitlock executed and delivered a note for $1400 payable to Miller's wife in consecutive monthly installments of $25 each, together with 6 per cent interest, payable semi-annually. The note also contained a provision that the entire balance should become due and payable upon default in payment of any installment of principal or interest or taxes, assessments, or insurance premiums for a period of ten days after the same became due. At the same time, Russell, his wife, and Whitlock executed and

delivered a mortgage deed for $1400 payable to Miller's wife as security for payment of the note. The mortgage covered the properties of both the Russells and Whitlock. Russell was not paid the $1400 set forth in the note and mortgage, but in fact received only $1000. If the note had been paid in accordance with its tenor, an interest rate upon the amount actually advanced would have resulted greatly in excess of 12 per cent per annum.

Later, on July 5, 1932, being in need of further funds, Russell, his wife, and Whitlock again executed and delivered a mortgage note of $725 payable to Sarah Lubell in consecutive monthly payments of $25 each, together with interest at 6 per cent per annum, payable semi-annually and with an acceleration clause the same as in the first note. At the same time, to secure the note, a mortgage deed was executed in the amount of $725 by the Russells and Whitlock covering both their properties. Russell was not paid the $725 set forth in this note and mortgage, but in fact received only $515. Both of these notes were subsequently acquired by the plaintiff by assignment. On October 21, 1937, foreclosure proceedings on both mortgages were commenced by this plaintiff against Whitlock and the Russells. Whitlock subsequently died and his widow as administratrix d.b.n. and her three children were made parties defendant. The trial court found that the bonuses of $400 and $210, respectively, were unconscionable and oppressive and were charges for the use of money loaned in addition to the 6 per cent interest expressly reserved in the two notes and that the purpose was to evade the provisions of the usury law, and held that the mortgages given to secure the notes were null and void. No other question was decided by the trial court.

The only question involved upon this appeal is

whether the mortgages were within the exception of § 4737 of the General Statutes. Our usury statutes apply to actions upon notes secured by mortgage; *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 183 Atl. 9; *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 338, 11 Atl. (2d) 356; and to mortgages of real property of $500 or less, *Kruzansky* v. *Scombul,* 113 Conn. 569, 573, 155 Atl. 836. The exception applies to bona fide mortgages of real property in excess of $500. The reason for this exception is stated in *Atlas Realty Corporation* v. *House,* supra, 666: "Where mortgages involving usurious interest are not declared to be void, it has been held that in foreclosure proceedings where it appears that the actual amount received by the mortgagor was less than that recited in the mortgage, the court may, when required by equitable considerations, reduce the amount to be paid to redeem from the stated sum to that which is equitably due and payable. . . . Courts can afford redress in cases presenting circumstances of fraud, duress, unconscionable advantage taken of the borrower, or other recognized grounds of equitable relief. *Cohen* v. *Mansi,* 113 Conn. 91, 93, 154 Atl. 160."

In the instant case, the mortgages in question were both mortgages upon real property. "Bona fides of the mortgage is an attribute essential to the exception under § 4737. This connotes 'good faith without fraud or deception; that is, good faith and honesty as distinguished from bad faith'." *Atlas Realty Corporation* v. *House,* supra, 671; *N. Lowenstein & Sons, Inc.* v. *British-American Mfg. Co.,* 7 Fed. (2d) 51, 53. If there were present in the transaction, as suggested in the finding, circumstances of fraud, deception upon the mortgagor, or bad faith toward him, such circumstances might take the mortgage out of the exception of the statute. The inclusion in the mortgages of a

bonus in each case did not of itself render the mortgages invalid. *Tilden* v. *Century Realty Co.*, 112 Conn. 439, 440, 152 Atl. 707; *Valente* v. *Porto*, 93 Conn. 146, 148, 105 Atl. 338. "But the mere fact that a bonus is included in a mortgage which otherwise is within the exception in the statute will not destroy its bona fides nor entitle the borrower to relief in proceedings for foreclosure." *Cohen* v. *Mansi*, 113 Conn. 91, 93, 154 Atl. 160. The fact that by reason of the bonus a greater rate of interest on the amount actually advanced is exacted than 12 per cent does not render the mortgage void, but is within the very exception provided for by the statute. The trial court found that at the time of making the loan there were no additional risks or other circumstances justifying exacting the bonuses in question and that these bonuses were taken with the intent of exacting interest at a rate in excess of 12 per cent per annum, which is prohibited by § 4732 of the General Statutes. This fact does not affect the bona fides of the mortgage. *N. Lowenstein* v. *British-American Mfg. Co.*, supra. "Bona fide is a legal technical expression; and the law of Great Britain and this country has annexed a certain idea to it. It . . . signifies a thing done really, with a good faith, without fraud or deceit, or collusion or trust." *Ware* v. *Hylton*, 3 Dall. (U. S.) 199, 241. Bona fide means real, actual, genuine; *In re Herman*, 183 Cal. 153, 164, 191 Pac. 934; real and not feigned. *Jones* v. *Light*, 86 Me. 437, 442, 30 Atl. 71; *Hill* v. *Ahern*, 135 Mass. 159, 161; *Coffin* v. *United States*, 162 U. S. 664, 684, 16 S. Ct. 943. If the mortgages were bona fide they were not within the statute and there could be no such intent to evade it as is referred to therein. There are no facts found sufficient to lead to the conclusion that they were not bona fide. The decision of the trial court was placed squarely upon the theory that the

mortgages were invalid in that because of the bonuses a greater rate of interest than 12 per cent was in fact to be obtained. As this was the basis of the trial court's decision, it follows that there was error and the cause must be remanded for a new trial. Facts may then appear which would afford a proper basis for the trial court to extend appropriate equitable relief to the defendants. *Atlas Realty Corporation* v. *House,* supra, 666, 670.

There is error and a new trial is ordered.

In this opinion the other judges concurred.