# THE MANCHESTER REALTY COMPANY *v.* WILLIAM KANEHL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 8, 1943—decided February 10, 1944.

*Frederick R. Manning,* for the appellant (defendant).

*William S. Hyde,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff brought this action to recover on a note and the defendant pleaded that it was usurious and that the action was barred by the Statute of Limitations.  Judgment was for the plaintiff and the defendant has appealed. The issues presented on the record arise out of the overruling of the two defenses.  It is not necessary, however, to consider a subsidiary claim made by the defendant that the note in suit was tainted with usury because it represented a balance due from him to the plaintiff upon a previous note which was usurious, or the question whether the action was barred by the Statute of Limitations.

The finding, in which no change material to the decisive issues can be made, states these facts: The plaintiff has been engaged in the business of loaning money on second mortgages since 1911, the mortgages usually including a bonus of 15 per cent and being payable in ten equal instalments.  The note in suit dated April 29, 1932, was for $920, payable in ten semiannual instalments of $92 each, with interest at 6 per cent and with a provision that in case of default in any payment for thirty days the whole of the principal sum should become at once due and payable. The note was secured by a second mortgage on real estate. The sum of $800 was due the plaintiff from the defendant on a prior transaction between them, and to this the plaintiff required the addition of a bonus of $120, making the face of the note $920. No payment was made

by the defendant on the note, but there was a credit entered upon it on August 16, 1934, of $110.40 as payment of interest and $39.50 as principal under circumstances which the plaintiff claimed tolled the Statute of Limitations.

Section 4732 of the General Statutes provides that no person shall loan money to another and, "directly or indirectly, charge, demand, accept or make any agreement to receive" interest at a greater rate than 12 per cent per annum; and § 4733 provides that no person "shall, with intent to evade the provisions of section 4732, accept a note or notes for a greater amount than that actually loaned." The trial court concluded that the amount to be received by the plaintiff, including interest and bonus, did not exceed 12 per cent per annum, that the note did not, therefore, violate § 4732 and that there was no intent to evade the provisions of that section, as required to constitute a violation of § 4733. Upon its face, the note in suit, it is true, is not usurious. In determining whether it violated the statute, it is necessary to apply the highest interest rate permitted to the amount actually loaned; *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 338, 11 Atl. (2d) 356; and, as the note is payable in instalments, to calculate interest only on the balances which from time to time are unpaid. *Columbus Industrial Bank* v. *Rosenblatt,* 111 Conn. 84, 87, 149 Atl. 209. On the other hand, the bonus in such a case as this, "being a sum paid to the creditor for the continued use of the money, clearly counts as interest for the purpose of the usury law"; *Bowen* v. *Mt. Vernon Savings Bank,* 105 Fed. (2d) 796, 797; and, even where there is no provision for partial payments, in determining whether the lender has received more than the lawful amount of interest, the bonus is to be regarded as spread over the term of the loan. *Council* v. *Bernard,*

319 Ill. 392, 397, 150 N. E. 272. It necessarily follows that the amount to be paid semiannually upon the note in question would consist of one-tenth the sum actually borrowed plus interest at 6 per cent on the unpaid balance and one-tenth of the bonus as the equivalent of additional interest. The amount which the plaintiff was entitled to charge is to be determined by interest at the rate of 12 per cent upon a loan of $800 payable in ten semiannual instalments; and this would amount to $264. The amount of interest required by the terms of the note would be $151.80, which, with the bonus, would amount to $271.80. The note therefore reserved to the plaintiff, if the bonus be taken into account, a larger sum for the use of the money than the statute permits.

The trial court also concluded that the plaintiff had no intent to violate the statute. The amount of the bonus would very likely not have destroyed the bona fides of the mortgage so as to prevent its foreclosure for the full amount of the note; *Cohen* v. *Mansi,* 113 Conn. 91, 93, 154 Atl. 160; and probably the plaintiff principally relied on the security for the recovery of the loan. But the fact that the mortgage was valid would not permit an action on the note apart from the mortgage if, regarded by itself, the note was usurious. *Atlas Realty Corporation* v. *House,* 120 Conn. 661, 183 Atl. 9.

The intent which is necessary to constitute usury is not the specific intent to violate the statute but the intent to exact payments which exceed the amount of interest allowed by the statute. *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 100, 192 Atl. 564. It is true that the mere fact that under the terms of a note the plaintiff would be entitled to recover more than the interest charge allowed by the statute does not conclusively establish such a usurious intent; *Bochicchio*

v. *Petrocelli,* supra, 334; but the circumstances which will explain away the apparent nature of the transaction are those which rebut the intent to charge an excessive rate; as, for example, where there was actually no intent to make such a charge; *DeVito* v. *Freberg,* 94 Conn. 145, 108 Atl. 547; *Contino* v. *Turello,* 101 Conn. 555, 558, 126 Atl. 725; and see *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 5, 169 Atl. 917; or where the charge was actually made, as reasonable compensation for services in negotiating the loan, and the like; *Beadle* v. *Munson,* 30 Conn. 175, 178; or where the transaction claimed to be usurious was in fact an agreement to pay reasonable compensation for services rendered. *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 100 Atl. 1067. Proof that the lender did not mean to violate the statute, or did not have an evil purpose, does not establish that there was no usurious intent. Where all that appears in the case is that the lender has made a charge for the use of the money loaned in excess of that permitted by the statute, it follows as matter of law that there is an intent to violate the statute. Thus in *Contino* v. *Turello,* supra, it appeared that a note was made for a sum considerably in excess of that actually loaned, that the lender at the time the note was made did not intend to collect more than the sum actually loaned, but that later he demanded and sued for the full amount of the note; it was held that the original intent not to collect more than the actual amount loaned would have rebutted a usurious intent at that time, but that (p. 560) from the fact that the lender later demanded a sum in excess of that permitted by the statutes, in the absence of explanation, "the only legal conclusion which could be drawn was that the demand was made with this illegal intention"; and we added (p. 561): "When the plaintiff payee made demand of this in-

dorser for the face of this note, he was demanding the usurious interest which is prohibited by these statutes, and he cannot maintain an action upon such demand." There are no facts found in this case which tend in any way to rebut the conclusion that the plaintiff intended, when it took this note, if it were compelled to resort to it to collect the debt, to secure for the use of the money actually loaned, by way of interest and bonus, more than the law permits, and the only possible legal conclusion is that there was an intent to violate the usury statutes. The plaintiff cannot, therefore, maintain its action.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the defendant.

In this opinion BROWN, ELLS and DICKENSON, Js., concurred.

JENNINGS, J. (dissenting). The trial court has held this note not usurious as a matter of fact. The majority opinion finds it usurious as a matter of law. The latter conclusion is based on the proposition established by the second *Atlas* case that the intent which is necessary to constitute usury is not the specific intent to violate the statute, but the intent to exact payments which exceed the amount of interest allowed by the statute. To prove that the latter intent was entertained, it is assumed that the plaintiff was going to require that the $800 actually loaned be repaid in ten semiannual instalments. I have no quarrel with the figures but the assumption as to the method of repayment seems to me unwarranted under the facts of this case. If the note is not usurious under any reasonable method of computing the interest, it should not, in my opinion, be held usurious as a matter of

law, but the decision should be left to the trial court as a matter of fact. For example, if the bonus payments were spread over the entire period under the rule in the *Council* case and the semiannual payments were $12 on the bonus and $48 interest, the principal being payable at the end of the five years, the return to the payee would be greater than the return under the terms of the note.

It is a fair inference from the finding that the mortgage was bona fide when given. It follows that it was legal even if the interest reserved exceeded the amount allowed by statute. *Bridgeport Mortgage & Realty Corporation v. Whitlock*, 128 Conn. 57, 61, 20 Atl. (2d) 414; *Cohen v. Mansi*, 113 Conn. 91, 93, 154 Atl. 160. The majority opinion lists numerous cases in which explanations of the demand for excessive interest have been accepted. In addition to the fact that the loan was secured by a mortgage of real estate exceeding $500 (General Statutes, § 4737) it appears that, in giving credit for the partial payment, the plaintiff figured the interest on $800 rather than on $920, and that the amount due under the terms of the note, including the bonus, at both the date of the complaint and the date of the judgment was far less than the amount figured at 12 per cent per annum on the $800 actually advanced.