BENJAMIN BECK *v*. CLARENCE L. BROCKETT ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued June 4—decided July 17, 1958

466

*T. Holmes Bracken,* for the appellant (named defendant).

*Joseph Shelnitz,* for the appellee (plaintiff).

MELLITZ, J. This action was brought to foreclose a mortgage given to the plaintiff by the named defendant and his wife, Evelyn. The defense is usury. The case was submitted on an agreed statement of facts. The Brocketts, desiring to obtain a mortgage loan on their property, engaged a broker, who contacted the plaintiff and informed him that the Brocketts desired a mortgage loan and were willing to pay a bonus therefor. The plaintiff consented to make the loan, provided his attorney was the closing attorney and prepared the necessary papers and closed the transaction. To consummate the transaction, the Brocketts executed a note and mortgage for $800, and the plaintiff made out a check for $510 payable to them and delivered it to his attorney. The Brocketts indorsed the check to the order of the attorney, and he in turn drew three checks, totaling $510, payable to the order of the Brocketts. One, in the amount of $35, the Brocketts indorsed to the attorney for his closing fee. The note was payable in monthly instalments of $30 each with interest. The Brocketts defaulted after making three payments, and thereafter this foreclosure action was instituted.

The basis of the defense of usury is the payment to the plaintiff's attorney of the closing fee of $35. General Statutes § 6779 prohibits the charging of interest at a rate greater than 12 per cent per annum. Section 6780 prohibits acceptance of a note,

with intent to evade § 6779, for a greater amount than that actually loaned. Section 6781 prohibits charging a borrower with certain specified expenses, unless the total of such charges and of the interest agreed upon shall, during any one year, not exceed 12 per cent of the loan. Section 6784 (now Cum. Sup. 1955, § 2891d), which was in effect at the time of the transaction, exempted bona fide mortgages of real property in excess of $500 from the operation of §§ 6779, 6780 and 6781. The court concluded that the mortgage was a bona fide mortgage for a sum in excess of $500 and that it did not violate the usury statutes. The inclusion of a bonus would have no effect upon the validity of the mortgage if in fact it was a bona fide mortgage in excess of $500. *Bridge-port Mortgage & Realty Corporation* v. *Whitlock*, 128 Conn. 57, 61, 20 A.2d 414. If it was not, the transaction violated the statutes.

The Brocketts contend that the amount actually paid them by the plaintiff to consummate the transaction was not $510. They say that the fee of $35 paid to the plaintiff's attorney should be deducted, and that if this is done, the actual amount loaned becomes only $475, the basis of the court's conclusion is destroyed, and the transaction is usurious. *Kruzansky* v. *Scombul*, 113 Conn. 569, 573, 155 A. 836. No claim is made that a borrower may not be charged with the reasonable expense of an attorney for preparation of necessary documents and closing the transaction. Such an expense is not included among the charges prohibited to be made to a borrower by § 6781. To countenance the Brocketts' contention would in effect add to the list of charges prohibited by that statute the fee required to be paid an attorney for drafting documents and closing a transaction. No claim is made that the charge of

$35 was unreasonable. In effect, the claim reduces itself to the proposition that because the lender insisted that his own attorney act as the one to close the transaction, the loan became usurious by reason of the amount paid to the attorney, whereas if some other attorney had been engaged no such result would follow. To state this proposition points up its fallacy.

Nothing has been presented to warrant disturbing the court's conclusion that the mortgage given to the plaintiff by the Brocketts was a bona fide mortgage for a sum in excess of $500, and therefore within the exception of § 6784.

There is no error, but the cause must be remanded with direction to modify the judgment by fixing new law days.

In this opinion the other judges concurred.