MEMORANDUM RE: APPLICATION FOR PREJUDGMENT REMEDY (#101)
On December 19, 1990, the plaintiff, Christine Gemelli, commenced this action against the defendants, Alden Berman, Richard Todar, and Verta Lardon seeking the repayment of a promissory note in favor of the plaintiff in the amount of $100,000.00. Simultaneously filed with the complaint is an application for a prejudgment remedy whereby the plaintiff seeks to attach certain properties of the defendant Berman located in Hamden, Connecticut.
At the hearing on the plaintiff's application for a prejudgment remedy, the defendant Berman objected to the prejudgment attachment on the grounds that the promissory note, for which the plaintiff seeks payment, is usurious and violates Conn. Gen. Stat. 37-4 and 37-8. CT Page 7240
These sections provide that:
 No person and no firm or corporation, or agent thereof, shall charge a borrower with any expense of inquiry as to his financial responsibility or expense of negotiating a loan, or charge, at the time of making the loan, the expense of collecting the interest and principal of the loan, unless the total of such charges and of the interest agreed upon is. during any one year, twelve percent of the loan or less.
(Conn. Gen. Stat. 37-4).
"No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4. . . ." (Conn. Gen. Stat. 37-8).
The defendant maintains that the promissory note contemplates the repayment of $50,000.00 in principal together with a 100% interest bonus of $50,000.00.
Whether the additional $50,000 bonus payment may properly be characterized as interest is a question of fact to be determined in light of any circumstances which may explain the nature of the transaction. See Manchester Realty Co. v. Kanehl, 130 Conn. 552, 555-56 (1944). Moreover, a prejudgment remedy hearing is not intended to be a trial on the merits. Augeri v. Ct F. Wooding Co., 173 Conn. 426, 429 (1977). "In considering an application for a prejudgment remedy, the trial court determines whether or not there exists `probable cause to sustain the validity of the plaintiff's claim." McCahill v. Town 
Country Associates, Ltd., 185 Conn. 37, 38-39 (1981). The plaintiff is not required to establish her case by a fair preponderance of the evidence but need only show the probable validity of her claim. Augeri,173 Conn. at 428. Accordingly, the plaintiff has met her burden of showing that there is probable cause to support an attachment and the application for a prejudgment remedy is therefore granted.
PICKETT, J.