PASQUALE ROMEO vs. LINA RUSSO ET AL.

Third Judicial District, New Haven, June Term, 1919.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, Js.

General Statutes, § 4798, prescribes that no one, other than a pawn-
broker, shall, directly or indirectly, loan money and charge, de-
mand, accept, or make any agreement to receive, interest at a
greater rate than twelve per cent per annum. *Held:*—

1. That these provisions did not preclude the borrower from making,
nor the lender from accepting, a gift of money, after the consumma-
tion of the loan, if it was made in good faith and not as a mere
device to evade the statute.

2. That whether a certain sum was accepted as a gift or as interest,
was a question of fact for the determination of the trier.

The plaintiff lender having received a gift of $100 from the borrower,
promised the latter to return $50 of it if the note was paid at matu-
rity without expense to the lender, otherwise to apply it to the pay-
ment of such expenses. *Held* that under these circumstances the
statute had no application.

Where the lender has in fact received a sum of money from the borrower
amounting to more than the legal rate, the only question is whether
it was received as interest in violation of the statute; and in that
situation there is no occasion to pass upon the question of whether
an "agreement," express or implied, was made to receive the pro-
hibited rate, since that constituted in itself a distinct and inde-
pendent offense under the terms of the statute.

Submitted on briefs June 5th—decided July 16th, 1919.

ACTION to recover money loaned, brought to the
Court of Common Pleas in Fairfield County and tried
to the jury before *Walsh, J.;* verdict and judgment for
the plaintiff for $529, and appeal by the defendants.
*No error.*

*Joseph G. Shapiro* and *Charles H. Shapiro,* for the
appellants (defendants).

*Frederic A. Bartlett, Frederick D. Keeler* and *Israel J.
Cohn,* for the appellee (plaintiff).

WHEELER, J.   The substituted complaint is in two counts, each for the same cause of action, viz.: the recovery by the plaintiff upon a note made by the defendants January 11th, 1918, to the order of the plaintiff for $700 payable one month after date, upon which there is claimed to be due $500 with interest at six per cent.

The defense pleaded is that the plaintiff on November 30th, 1917, loaned $750 to defendant Antonio Russo for one month, and charged him $18 therefor; that plaintiff renewed the loan for one month, receiving $50 on account of the principal, and charging $50 for the renewal and $15 for the expense of renewal; that the loan, as evidenced by said note for $750 and the renewal thereof for $700, and the charges of $18, $50 and $15 were usurious and unlawful, and in violation of Chapter 244 of the Public Acts of 1911 as amended by Chapter 143 of the Public Acts of 1915, now § 4798 of the General Statutes.   The plaintiff denied the truth of this defense.

The essential facts as set forth in the claims of both plaintiff and defendants are in the main alike, and as follows: On November 30th, 1917, the plaintiff loaned defendants $750 on their promissory note, payable December 30th, 1917, and defendants paid the plaintiff as interest $3.   On January 11th, 1918, defendants paid $50 on the $750 note and gave a note in renewal for $700.   On February 13th, 1918, defendants paid $200 on this note, leaving a balance of $500 due.

The defendants offered evidence to prove that when the $750 note was paid the defendants placed $15 in the pocket of the plaintiff.

The plaintiff offered evidence to prove that any money so given was a gift made after the loan was made.

In the absence of any claim that this $15 was accepted as interest, we must take the finding as it ap-

pears, and that is that this payment was a gift and not made in consideration of the loan or in payment of interest.

The plaintiff offered evidence to prove that at the time the $700 was given, the plaintiff promised to return to defendants $50, being a part of a gift of $100, made about January 4th, 1918, upon condition that the defendants' note was paid at maturity without the institution of legal proceedings to enforce payment.

The defendants offered evidence to prove that plaintiff agreed to hold the $50, and in the event that he might be obliged to take legal action to collect said note he would apply it on account of the expenses so incurred.

Practically the claim of the parties does not differ as to the purpose for which this $50 was held. It was not demanded, charged, or accepted as interest, and upon the facts set forth in the claims of both parties it clearly appears the statute does not apply to the circumstances as disclosed by the evidence. The court so charged the jury, and further that, under those circumstances, that agreement was lawful.

As we understand the facts set forth in the record, no question involving a violation of § 1 of Chapter 143 of the Public Acts of 1915 (General Statutes, § 4798), was properly before the jury, and the court should have directed a verdict for the plaintiff.

The trial court submitted to the jury the question whether there was an express or implied agreement to accept or receive a greater rate of interest than that allowed by the statute, relative to the payment of the $15. It charged that "if there was no agreement, either express or implied, that the plaintiff should accept or receive any money from the defendant for this loan and that after the loan had been completed without any such agreement, either express or implied,

the defendant voluntarily and without solicitation on the part of the plaintiff handed him this money, or put it in his pocket, it would not constitute a violation of this statute."

The conditioning of the acceptance or receipt of this money upon a finding of an agreement express or implied injected into the case an element which we do not find in it. That part of this section, applicable to the situation before the court, provides that "no person . . . shall, . . . directly or indirectly, loan to any person and, directly or indirectly, . . . accept . . . interest at a rate greater than twelve per centum per annum." Proof of two facts only was required to bring the case relative to the payment of the $15 within this statute: first, the fact of the making of a loan; and second, the fact of the acceptance for the loan of interest at a prohibited rate. The inclusion of the condition of an agreement, probably arose from reading the provision of the section, "or make any agreement to receive, therefor," as qualifying the words "charge, demand, and accept," of the section, instead of regarding it as an independent element of proof of a distinct violation of the section, and separated completely from "the charge, demand and accept," other equally independent elements of violation.

No harmful error was committed in thus charging, since upon the facts the verdict rendered was the only verdict which was justified in law upon these facts.

There is no error.

In this opinion the other judges concurred.