THE MUTUAL PROTECTIVE CORPORATION *vs.* J. PALAT-
NICK ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

(1)

Argued November 10th, 1933—decided January 2d, 1934.

*Henry J. Calnen*, with whom was *Leon J. Greenberg*, for the appellant (plaintiff).

*Morris Blumer*, for the appellees (defendants).

HINMAN, J.  The substituted complaint alleges that the defendant Palatnick borrowed $940 from the plaintiff and signed a note, payable to it or order, for $1000, payable $20 weekly commencing one week after date, and providing that upon default in any payment for one week after due the whole amount shall become due.  The defendants Tonken and Goodman indorsed the note before delivery.  It is further alleged, in paragraph six, that "Said sum was loaned to the defendant J. Palatnick with no intent other than to receive the amount actually loaned plus interest at the rate of six per cent. per annum, and therefore, suit is brought for only the amount actually loaned with accrued interest at said rate;" that Palatnick has paid $180 and that there remains unpaid $760 on the principal and interest to date.  The note by its terms calls for payments the aggregate amount of which would exceed the loan by a sum greater than interest at the rate permitted by §§ 4732 and 4733 of the General Statutes, which are

quoted in a footnote. *Columbus Industrial Bank* v. *Rosenblatt,* 111 Conn. 84, 149 Atl. 209. The defendant indorsers asserted by their demurrer that the allegations of the substituted complaint, quoted above, attempt to alter by parol the terms of the note. Error is assigned in the sustaining of this demurrer.

From their argument in this court it appears that the defendants construe the complaint as alleging a parol agreement, collateral to the note, and to which they, as indorsers, were not parties, which agreement was to the effect that, notwithstanding the provisions of the note itself, interest exceeding six per cent per annum on the amount actually loaned was not to be charged. The point of their grounds of demurrer is that, at least as against them, such allegations will not avail to permit the terms of the note to be altered through proof of a parol agreement between the maker and the payee limiting the interest to be paid and received to a less, and legal, rate and amount than the note expressly provides for. The short and adequate answer to this contention is that the complaint does not admit of the construction so ascribed to it. The plain purport of its allegations is that the plaintiff took the note with no intent to collect more than the sum loaned with lawful interest and now, in effect, concedes that the excess of the face of the note above that amount is not recoverable, on account of lack of con-

---

"SEC. 4732. LOANS AT GREATER RATE THAN TWELVE PER CENTUM PROHIBITED. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 2950, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per centum per annum.

"Sec. 4733. NOTES NOT TO BE ACCEPTED FOR GREATER AMOUNTS THAN LOANED. No person and no firm or corporation, or agent thereof, shall, with intent to evade the provisions of section 4732, accept a note or notes for a greater amount than that actually loaned."

sideration (1 Daniel, Negotiable Instruments [7th Ed.] § 230) and makes no claim to that excess.

The plaintiff-appellant contends that the fact that the amount of the note exceeds the sum actually loaned by an amount greater than the interest charge sanctioned by § 4732 of the General Statutes, does not conclusively establish the intent to transgress that statute which is contemplated by § 4733, and under § 4736 of the General Statutes, precludes any action to recover on the loan, but that allegations of absence of intent to evade the provisions of these statutes are admissible and material in this action and, for the purposes of the demurrer by which they are to be regarded as admitted, sufficient to remove the stigma of usury attaching to the note if alone considered.

Not only the acceptance of a note which on its face appears to be usurious, but also an intent thereby to evade the provisions of § 4732 and obtain interest or its equivalent in excess of the statutory limit, is required in order to bring the action under the ban of § 4736. Therefore the question of fact as to the existence of such intent is an essential element for consideration in determining whether or not the action is maintainable. "No device can be invented, and no disguise can be put on, which will make a contract valid, if behind or underneath [it] an intent to evade the statute is found." *Douglass* v. *Boulevard Co.*, 91 Conn. 601, 604, 100 Atl. 1067. Circumstances surrounding or relating to the taking of a note which appears to be regular and legal may point so significantly to a concealed corrupt motive as to demand the inference of an accompanying intent to evade the statute against usury. On the other hand, while the taking of a note, compliance with the terms of which would result in a violation of the statute as to amount and consequent rate of interest, is strong evidence of an

intent offensive to the law, proffered explanation will be cautiously and carefully weighed, and the instances will be rare where it can avail to negative such intent, yet the opportunity to make the attempt remains open and to that end circumstances surrounding or connected with the transaction which are indicative of the intention of the parties are admissible. *DeVito* v. *Freberg,* 94 Conn. 145, 148, 108 Atl. 547; *Douglass* v. *Boulevard Co., supra,* p. 604. Where it is established that a note for more than the sum loaned was accepted only upon the insistence of the maker and intending and expecting to receive only the amount of the loan with lawful interest, and the payee does not thereafter demand more, he may be absolved from intent to exact usurious payment. However, demand for payment of the face of such a note is strongly significant, if not decisive, of such an intent. *Contino* v. *Turello,* 101 Conn. 555, 561, 126 Atl. 725.

The demurrer must be tested by the legal sufficiency of the allegations of the substituted complaint and the facts provable thereunder. *Bassett* v. *Foster,* 116 Conn. 29, 31, 163 Atl. 456. The plaintiff is entitled to make the attempt to sustain, as an issue of fact, its averments of lawful intent, notwithstanding the opinion of the trial court, or of this court, as to the probability of its success in that endeavor. The demurrer should have been overruled.

There is error, the judgment is set aside and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.