COMMUNITY CREDIT UNION, INC. *v.*
DANIEL CONNORS ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued April 7—decided May 25, 1954

*Louis A. Silverstein* and *Herman D. Silberberg,* for the appellants (defendants).

*George J. Yudkin,* with whom was *Harold B. Yudkin,* for the appellee (plaintiff).

O'SULLIVAN, J. The plaintiff sued the defendants, Connors and Behrle, on their joint and several note. The issues were framed by a second substitute complaint and an answer incorporating a general denial and a special defense alleging usury, fraud, and ultra vires conduct on the plaintiff's part. The court found for the plaintiff, and the defendants have appealed from the judgment.

The defendants have attacked the finding, but it is not subject to any correction which will advantage them. It recites the following facts: The plaintiff is a credit union organized under the laws of this state. Credit unions are mutual savings and

lending societies subject to the control and supervision of the state bank commissioner. To become a member of a credit union, a person must own at least one share of stock in the union and pay a nominal fee. The union may make loans only to its members, although a nonmember may join with the borrowing member as a comaker of the note.

On May 16, 1949, the defendant Connors, a member of the plaintiff union, and the defendant Behrle, a nonmember, executed and delivered to the plaintiff their joint and several promissory note in the face amount of $850. It was payable to the order of the plaintiff in 100 weekly instalments of $8.50, with interest on all unpaid balances at the rate of 1 per cent per month, and it was given to liquidate an outstanding indebtedness of Connors to the plaintiff for $600 and to cover an additional loan of $250 currently made to him. Behrle signed as an accommodation maker. The note provided that if a default should occur in the payment of any instalment the entire unpaid balance should become immediately due at the option of the plaintiff. It further provided that, in case payment should not be made at maturity, the makers would pay the costs of collection or an attorney's fee equal to 20 per cent of the principal and interest due, but in no event in an amount less than $10.

Contemporaneously, the defendants signed a form on the reverse side of the note. This form was headed "Pledge of Shares" and by its terms purported to pledge all of the defendants' shares in the plaintiff union as security for "the payment of the above-described loan and interest, fines, costs, or expenses that may accrue thereon." It further provided that the makers would "pay a fine of 1c per week on each $2.00 or fraction thereof in arrears,

provided, that in no case shall said fine be less than 5c." The plaintiff's by-laws make no reference to attorneys' fees or fines in connection with loans.

No payment of principal or interest has ever been made by either defendant. The original default of the defendants occurred on May 21, 1949. At no time has the plaintiff assessed a fine against the defendants, nor did it ever intend to do so. The recovery sought is limited to the face of the note, with interest and an attorney's fee. The amount called for as an attorney's fee under the terms of the note was reasonable. There was no fraud on the plaintiff's part in any dealings with either defendant. The court rendered judgment for the plaintiff to recover $850 with interest at the rate of 12 per cent per annum from May 21, 1949, plus an attorney's fee.

The defendants' attack upon the judgment raises but two questions: first, whether the acceptance of the note was an ultra vires act on the plaintiff's part, and secondly, whether the note was invalid on the ground of usury.

The first question requires little discussion. The defendants claim that it was an ultra vires act for the plaintiff to require them to agree to pay an attorney's fee and a fine if the note should not be paid at maturity. The defense of ultra vires, whether invoked for or against a corporation, is not favored in the law. *San Antonio* v. *Mehaffy*, 96 U.S. 312, 315, 24 L. Ed. 816; *Burnett's Lumber & Supply Co.* v. *Commercial Credit Corporation*, 211 Miss. 53, 59, 51 So. 2d 54.

The substance of the defendants' claim is that the plaintiff, as a creature of statute, possesses only those powers which the General Assembly has granted to it; that the power to impose an attorney's fee

and a fine upon a borrower who defaults does not exist in the plaintiff since no statute expressly authorizes such imposition; and that, although the defendants must return the consideration received, they are under no obligation to pay either the fee or the fine.

The expression "ultra vires" is one of broad application. We have designated as ultra vires a corporate act which is not within the power of the corporation to perform. *Hartford* v. *Connecticut Co.*, 107 Conn. 312, 338, 140 A. 734; *Byrne* v. *Schuyler Electric Mfg. Co.*, 65 Conn. 336, 346, 31 A. 833. The term has been applied to transactions prohibited by law as well as those in excess of powers granted. See 19 C.J.S. 420, 424. The former are void, the latter may be enforceable. *Hummel* v. *Warren Steel Casting Co.*, 5 F.2d 451, 452; *Wilson* v. *Louisville Trust Co.*, 242 Ky. 432, 439, 46 S.W.2d 767. The statute defining the powers of a credit union does not prohibit the imposition of the expenses of collection or of a fine upon the borrower in the event of his default. General Statutes § 5911 (as amended, Cum. Sup. 1953, § 2067c). And, in addition to the powers expressly conferred upon it, the plaintiff has such implied powers as are necessary to carry its express powers into effect. *Dwyer* v. *Leonard*, 100 Conn. 513, 517, 124 A. 28; *S. O. & C. Co.* v. *Ansonia Water Co.*, 83 Conn. 611, 633, 78 A. 432. Since the plaintiff was expressly authorized to loan money to its members, it was impliedly empowered to use all legal and reasonable means to collect the loans from its delinquent debtors. This included the right to impose an attorney's fee as well as a reasonable fine upon the defaulting borrower, as long as the statute concerning usury was not violated. There is no merit to the claim of ultra vires.

The second question posed by the defendants is whether the note is usurious. Usury is the taking of more interest for the use of money or the forbearance of a debt than the law allows, and a usurious note is one stipulating for the payment of more than lawful interest for the use of money or the forbearance of a debt. *Bridgeport L. A. W. Corporation* v. *Levy,* 110 Conn. 255, 260, 147 A. 841. Credit unions are prohibited from charging interest upon loans at a rate higher than 1 per cent per month. Cum. Sup. 1953, § 2067c. Section 6779 of the General Statutes provides that "[n]o person and no firm or corporation or agent thereof, other than a pawnbroker . . . , shall . . . loan money . . . and, directly or indirectly, charge, demand, accept or make any agreement to receive, therefor, interest at a rate greater than twelve per cent per annum."

The defendants maintain that the requirement for the payment of an attorney's fee must be added to the interest called for to determine whether the note is usurious. Such a charge is clearly not interest for the use of money or the forbearance of a debt. It is reimbursement for the expense of enforcing the debt. Section 7193 of the General Statutes recites that "[a]ny agreement contained in a bill, note, trade acceptance or other evidence of indebtedness . . . to pay . . . attorneys' fees . . . incurred by the holder of such evidence of indebtedness . . . in any proceeding for collection of the debt . . . shall be valid, but shall be construed as an agreement for fair compensation rather than as a penalty, and the court may determine the amounts to be allowed for such . . . attorneys' fees, even though such agreement may specify a larger sum." The defendants do not attack as unreasonable the fee which the court allowed. Because of the express provision of

the statute, the imposition of the fee does not render the note usurious.

The defendants' final contention is that the provision for the assessment of a fine in the event of a default was a device requiring the payment of interest at a rate in excess of that permitted by law. If we assume that this provision, on its face, makes the loan usurious, the violation of the statute does not inevitably follow. To establish the illegality of the loan in question, the court must be satisfied of the plaintiff's specific, unlawful intent. *Contino* v. *Turello,* 101 Conn. 555, 558, 126 A. 725. The intent, it should be pointed out, which is necessary to constitute usury is not the specific intent to violate the statute but rather the intent to exact payments which exceed the amount of interest allowed by the statute. *Manchester Realty Co.* v. *Kanehl,* 130 Conn. 552, 555, 36 A.2d 114. The act of taking an apparently usurious note is always susceptible of an explanation which will strip it of the intent required to render it offensive to the law. *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 99, 192 A. 564; *DeVito* v. *Freberg,* 94 Conn. 145, 148, 108 A. 547. This presents a question of fact for the trier. *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 4, 169 A. 917; *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 604, 100 A. 1067; *Beckwith* v. *Windsor Mfg. Co.,* 14 Conn. 594, 605. The court's express finding that the plaintiff "has never assessed a fine and had no such intent" toward the defendants—a finding which the defendants have not attacked—disposes of any unlawful intent in making the loan and in accepting the note and pledge. The note is not usurious.

There is no error.

In this opinion the other judges concurred.