## JULIUS GOLDEN ET AL. *v.* NORMA G. LYONS ET AL., EXECUTORS (ESTATE OF EDGAR E. LYONS)

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued May 10—decided July 18, 1963

*Donald F. Crowley,* with whom, on the brief, were *Samuel Tallow* and *Howard M. Werner,* for the appellants (defendants).

*Theodore A. Lubinsky,* with whom, on the brief, were *I. Albert Lehrer* and *Morton C. Hansen, Jr.,* for the appellee (plaintiff Lukens).

SHEA, J. William W. Lukens, hereinafter referred to as the plaintiff, exhibited a claim to commissioners appointed on the insolvent estate of Edgar E. Lyons. The plaintiff, in his claim for the aggregate amount of $12,500, sought payment of the balance alleged to be due on four promissory notes signed by the decedent as maker or guarantor. The claim was disallowed in toto by the commissioners. The plaintiff appealed to the Superior Court, which rendered judgment allowing the claim in the amount of $6470. From that judgment the defendants, executors of the decedent's will, took this appeal. In the court below, the plaintiff filed a statement of claim in which he demanded the full balance due on the four notes according to their tenor after credit had been given for payments made on them and for a payment from the proceeds of a life insurance policy which had been assigned to him as security for the payment of the notes. The defendants alleged, by way of special defense, that the plaintiff's claim was for loans which vio-

lated the statutes on usury and that the sums claimed were, therefore, uncollectible.[1]

This discussion will be limited to one of the notes in question. That note was in the face amount of $20,000, signed by the decedent as maker, payable to the plaintiff as payee, and given in consideration of antecedent debts of $11,470 and a new loan of $2500—a total consideration of $13,970. The note was dated January 12, 1959, and, without expressly reserving interest as such, provided for a schedule of payments which required the maker to pay each month the equivalent of interest at the rate of 12 percent per annum on the face amount of the note and, in addition, to make stated quarterly payments which, when completed, would discharge the obligation four years after its date. From a calculation of the payments required to be made, it is clear that if the difference between the face amount of the note and the total of payments required under it is considered as interest, the interest exceeds 12 percent per annum and is in violation of § 37-4 of the General Statutes. Without an explanation of this difference, it must be taken to be interest, and thus the note is usurious on its

[1] "Sec. 37-4. LOANS AT GREATER RATE THAN TWELVE PER CENT PROHIBITED. No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

"Sec. 37-5. NOTES NOT TO BE ACCEPTED FOR GREATER AMOUNTS THAN LOANED. No person and no firm or corporation, or agent thereof, shall, with intent to evade the provisions of section 37-4, accept a note or notes for a greater amount than that actually loaned."

"Sec. 37-8. ACTIONS NOT TO BE BROUGHT ON PROHIBITED LOANS. No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4, 37-5 and 37-6, or upon any cause arising from the negotiation of such loan."

face. *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 338, 11 A.2d 356; *Beckwith* v. *Windsor Mfg. Co.,* 14 Conn. 594, 604.

The trial court found that the face amount of the note is inconsistent with the payment schedule. The court also found that the claim of the plaintiff evidenced by the note was $13,970, that $2000 had been paid on account of the claim, and that there was left an unpaid balance of $11,970. The court further found that the plaintiff "knew nothing of the errors apparent in the note . . . until the time of trial and did not wish to take advantage of it." This finding has been challenged by the defendants on the ground that it is unsupported by the evidence. There is nothing in the finding or in the evidence to show that any errors are apparent in the note. It is true, as the finding indicates, that the consideration for the note was $13,970, although the note was made out for $20,000. But if this was an error, it is not apparent in the note. Whether the difference between the face amount of the note and the actual consideration given for it was, in fact, a charge for additional interest or some other kind of charge does not appear. See *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 99, 192 A. 564. The court's assumption that there were errors apparent in the note is without foundation in the evidence and must be stricken from the finding.

The finding also states that, at the time of the delivery of the note, the plaintiff and the decedent had agreed on an interest rate of 10 percent, that it was the intent of the plaintiff to seek a return of 10 percent on his investment, and that the plaintiff did not intend to exact payments of interest exceeding that amount in any of his transactions with the decedent. The court concluded that the plain-

tiff did not intend to evade the law relating to usury, that he did not intend to exact interest exceeding that allowed by law, that none of the four notes on which the action was brought was usurious, and that the plaintiff was entitled to judgment for $6470. The amount of the judgment was arrived at by computing the balance due on all the notes after giving credit for the payments made on all the notes and for the amount realized on the insurance policy and then subtracting from that balance the excess of the $20,000 note above the $13,970 consideration given for it.

The conclusions reached by the court have been attacked by the defendants. So far as the conclusions are based on the assumption that there were errors apparent in the note, the conclusions must fall, because that assumption has been stricken from the finding. Moreover, in reaching its conclusions, the court obviously overlooked the fact that on the loan evidenced by the $20,000 note payments had been made to and accepted by the plaintiff in accordance with the terms of the note and that the plaintiff, by bringing this action and filing his statement of claim in support of it, has demanded full payment of the note according to its tenor. This is not a case where the plaintiff attempted to recover the amount actually loaned. See *Contino* v. *Turello,* 101 Conn. 555, 561, 126 A. 725. Had the plaintiff followed that course, his conduct would have been consistent with his claim that the acceptance of the note was not with any unlawful intent to violate the statute. *Kruzansky* v. *Scombul,* 113 Conn. 569, 572, 155 A. 836.

The court, in accepting the plaintiff's statements as to his intentions concerning the interest to be paid on the note, overlooked an important differ-

ence between § 37-4 and § 37-5 of the General Statutes. For a violation of § 37-5, it is necessary to show that a note was accepted not only for a greater amount than was actually loaned but also with the intent of evading § 37-4. *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 99, 192 A. 564; *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 4, 169 A. 917. Here, we have no mere acceptance of a note or notes for a greater amount than was actually loaned. Rather there was a loan of money at a rate, as evidenced by the terms of the note, which appears to be usurious. In the situation before us, the plaintiff has already demanded and accepted payments, in accordance with the apparently usurious schedule required under the note, for money loaned the decedent. These acts alone, unexplained, constitute a violation of § 37-4. *Contino* v. *Turello,* 101 Conn. 555, 561, 126 A. 725; *Romeo* v. *Russo,* 93 Conn. 666, 669, 107 A. 504. They differentiate the case from *Community Credit Union, Inc.* v. *Connors,* 141 Conn. 301, 307, 105 A.2d 772, where the court found that the lender never assessed, collected or intended to collect the fines which the borrower claimed made the note usurious. Unless some proper explanation is made as to the difference between the actual amount of the loan and the face amount of the note and as to what appears to be an unlawful rate of interest on the face of the note, the loan is usurious and the payments charged, demanded or accepted under it were in violation of § 37-4. *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 338, 11 A.2d 356; *Contino* v. *Turello,* supra, 558.

The finding that, at the time of the delivery of the note, the plaintiff and the decedent had agreed on a different rate of interest is of no consequence. Likewise, the finding that the plaintiff did not in-

tend to exact payments of interest exceeding 10 percent per annum in any of his transactions with the decedent is not significant. Even if the plaintiff's intention, when he accepted the note or when he made the so-called agreement with the decedent or at both times, was as he said, that intention changed, because subsequently he actually accepted payments in apparent excess of those allowed by law. He cannot now be heard to say that he did not intend to do what he has in fact done. If he loaned money to the decedent and actually charged, demanded or accepted interest in excess of the legal rate of 12 percent, his action was per se usurious and cannot be condoned by any declaration of lack of intent to violate the law. *Atlas Realty Corporation* v. *House,* supra, 100.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BALDWIN, C. J., MURPHY and ALCORN, Js., concurred; KING, J., concurred in the result.