STELCO INDUSTRIES, INC. *v.* PETER R. E. ZANDER, TRUSTEE, ET AL.
(2179)

HULL, BORDEN and DALY, Js.

Argued December 12, 1984—decision released February 19, 1985

*Charles A. Sherwood,* for the appellant (named defendant).

*Joel Z. Green,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to recover for building materials and supplies sold and delivered

to the defendant[1] under an application for credit. The defendant filed a special defense claiming usury. Both parties filed motions for summary judgment. From the granting of the plaintiff's motion for summary judgment and the denial of the defendant's motion, the defendant has appealed.[2]

The credit agreement between the parties provided, inter alia, that "[a] service charge (designated a 'finance' charge) accrues on amounts outstanding over 30 days after their payment due date. Amounts over 30 days past their payment due date accrue a service (finance) charge of 1½% per month, AN ANNUAL PERCENTAGE RATE OF 18%, until paid. Service (finance) charges accrued but not billed will be charged on the next statement rendered if not previously paid with the past due balance. The monthly charge of 1½% will continue after a court judgment on an action to collect amounts due, foreclose a mechanic's lien or mortgage or otherwise obtain payment, until any amounts due are paid in full." The trial court held that the usury statute[3] did not apply in this instance since it did not involve the loan of money.

There is no question that the amount of interest being charged is 18 percent. General Statutes § 37-8 provides that "[n]o action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4 . . . or upon any cause arising from the negotiation of such loan." The sole issue on appeal

---

[1] The action was brought against the defendant in his capacity as trustee and in his individual capacity. In this opinion, he will be referred to as the defendant.

[2] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[3] General Statutes § 37-4 provides: "No person . . . shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

is whether the transactions in question come within the ambit of General Statutes § 37-4.

The plaintiff contends that the usury statute has no application to the transactions between it and the defendant because in no instance out of which the defendant's indebtedness to the plaintiff arose did the plaintiff "loan money" to him. The defendant points out, on the other hand, that since the plaintiff is seeking interest in excess of 12 percent per annum on the amount due it on the sales price for goods sold and delivered, which was unpaid for more than thirty days after delivery, the interest being sought is for the forbearance of the debt created by their delivery and acceptance. The defendant contends that the usury statute is applicable to such a transaction.

There is no doubt that the defendant's indebtedness to the plaintiff arose out of credit sales transactions, and not out of the loan of money to him. This, the defendant does not dispute. Nor does he dispute the terms on which the goods were sold. "A seller's extension of credit by demanding a premium (a time-price differential) in the amount representing the difference between a cash and credit price is not considered to be a loan of money for usury purposes." *DeSimon* v. *Ogden Associates,* 88 App. Div. 472, 479, 454 N.Y.S.2d 721 (1982).

A case similar to this arose in the United States District Court for the District of Connecticut, in *Scientific Products* v. *Cyto Medical Laboratory, Inc.,* 457 F. Sup. 1373 (D. Conn. 1978), wherein the court, after a thorough analysis of this state's usury statute, concluded that "Connecticut's courts have never expanded the usury statute to include any transaction which was not a loan of money, and, on the basis of what has been considered above, I do not believe that they would do so in this case if it was before them for decision. Fur-

thermore, the fact that the Connecticut statute provides a particularly severe penalty—lenders who violate the statute shall forfeit not only all interest but also all the principal . . .—is an additional reason for not reading the usury statute more broadly than it is written." Id., 1377–78.

"Both the judicial and legislative treatment of debts arising from the sale of goods on credit clearly indicate that Connecticut adheres to the traditional, historical and analytical views that sales on credit are not equated with loans and that the prohibition of usurious interest applies only to loans of money. Although Connecticut's legislature has enacted a great amount of legislation to regulate the interest charges made by sellers of goods to consumers, it has not amended its long-standing statute prohibiting usurious interest charges on the loan of money. In the face of such long silence by the legislature, for this court to decide that the prohibition of Connecticut's usury statute should extend to debts arising out of other kinds of transactions than from a loan of money would be presumptuous. Such a decision calls for a policy judgment. Unless the courts are to become super-legislators, the elected legislators must be permitted to make that judgment." Id., 1380.

We adopt the rationale of the District Court.

There is no error.

In this opinion the other judges concurred.