GREGLON INDUSTRIES, INC. *v.* A. HUNTER BOWMAN ET AL.
(7365)

BORDEN, DALY and O'CONNELL, Js.

Argued January 17—decision released April 3, 1990

*A. Hunter Bowman* and *Carolyn R. Bowman,* pro se, the appellants-appellees (defendants).

*Myra L. Graubard,* for the appellee-appellant (plaintiff).

BORDEN, J. The plaintiff brought this action against the defendants, A. Hunter Bowman (Bowman) and his wife, Carolyn R. Bowman, to recover money loaned on a promissory note. In their answer, the defendants alleged several special defenses, including that the interest rate charged on the promissory note was usu-

rious. The defendants appeal from the judgment of the trial court accepting an attorney trial referee's recommendation that a $50,000 judgment, the face amount of the challenged promissory note, be rendered for the plaintiff.[1] The defendants claim that, with respect to their special defense of usury, the trial court erred (1) in considering whether the plaintiff intended to violate General Statutes § 37-4,[2] and (2) in finding an absence of such intent by the plaintiff. We find no error.

The referee found the following facts. In April, 1982, W. Patric Gregory, president of the plaintiff corporation, advanced $50,000 to Bowman. This advance was evidenced by a promissory note in the face amount of $50,000, executed and delivered by both defendants, and payable to Gregory or his assigns. The note was prepared by a third party who was not instructed as to the interest rate. Gregory assigned the note to the plaintiff. The maturity date of the note was fifteen days from the date of execution, and its stated interest rate was 18 percent per annum. Shortly after the due date, Bowman wrote a check to the plaintiff for $50,000, which would have been accepted in full payment of the loan. Payment on this check was stopped, however, and the loan has not been repaid. At no time was there any discussion of interest between Gregory and the defendants. The plaintiff was not seeking interest on the loan, and Gregory had no intent to exact a usurious rate of interest.

---

[1] The plaintiff filed a cross appeal contesting the propriety of certain actions taken by the trial court, *Cioffi, J.,* after judgment was initially rendered. Because we find no error on the appeal, we need not reach the cross appeal.

[2] General Statutes § 37-4 provides in pertinent part that "[n]o person and no firm or corporation or agent thereof . . . shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum."

## I

The defendants first claim that the trial court erred in denying their special defense under General Statutes § 37-8.[3] They argue that under General Statutes § 37-4; see footnote 2, supra; a stated interest rate of more than 12 percent is per se usurious, and a lack of intent by the lender to charge in excess of the lawful rate of interest is irrelevant. The defendants contend that a lender's intent to exact more than the legal rate of interest is applicable only for violations of General Statutes § 37-5.[4] We disagree.

Connecticut's usury statutes provide a particularly severe penalty. *Stelco Industries, Inc.* v. *Zander,* 3 Conn. App. 306, 308–309, 487 A.2d 574 (1985); see also *Scientific Products* v. *Cyto Medical Laboratory,* 457 F. Sup. 1373, 1377–78 (D. Conn. 1978). Under General Statutes § 37-8, a lender who loans money at an illegal rate of interest is barred from recovering both interest and principal. Because of the penal nature of this forfeiture, the statute has been strictly construed; see *Stelco Industries, Inc.* v. *Zander,* supra, 309 (usury statutes do not apply to sale of goods on credit); and our cases have made the issue of the lender's intent a relevant inquiry. "[A] lender can evade the usury bar by showing that he had no intent to extract more than the lawful rate of interest." *Maresca* v. *DeMatteo,* 6 Conn. App. 691, 696, 506 A.2d 1096 (1986).

The relevance of intent in transactions involving usurious noninterest-bearing notes, where the illegal inter-

[3] General Statutes § 37-8 provides that "[n]o action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4, 37-5 and 37-6, or upon any cause arising from the negotiation of such loan."

[4] General Statutes § 37-5 provides that "[n]o person and no firm or corporation, or agent thereof, shall, with intent to evade the provisions of § 37-4, accept a note or notes for a greater amount than that actually loaned."

est is embedded in the face amount of the note, is well-settled. A showing of lack of intent has been considered in various lending arrangements otherwise violative of § 37-5, including notes with no stated rate of interest; see, e.g., *Wesley* v. *DeFonce Contracting Corporation,* 153 Conn. 400, 405–406, 216 A.2d 811 (1966); *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 100–102, 192 A. 564 (1937); notes in which the stated interest is at or below the legal rate; see, e.g., *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339, 11 A.2d 356 (1940); *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 4–5, 169 A. 917 (1934); and notes that include payments characterized by the lender as something other than interest. See, e.g., *Community Credit Union, Inc.* v. *Connors,* 141 Conn. 301, 307, 105 A.2d 772 (1954) (interest described as a fine); *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 604–605, 100 A. 1067 (1917) (interest described as a commission).

The defendants argue that this line of cases does not extend to violations under § 37-4. They claim that because § 37-4 applies to notes that are clear and unambiguous on their faces, the lender's intent in these circumstances is irrelevant. We are not persuaded.

Section 37-4 is a blanket prohibition against lending money at a rate in excess of 12 percent.[5] Section 37-5 prohibits a lender from circumventing the § 37-4 interest cap by accepting either a noninterest-bearing note or a low interest-bearing note whose actual rate of interest is greater than 12 percent. These statutes read together, therefore, operate to prohibit usurious loans no matter what their form. Under our usury laws, it is of no import whether the illegal rate is explicit on the face of the note or included in its face value.

---

[5] Under General Statutes § 37-9, numerous loans are not subject to the usury statute including, inter alia, loans made by banks or savings and loan associations, real property mortgages in excess of $5000, and commercial loans in excess of $10,000.

Because of the relation between these provisions, a violation of § 37-5 is also a violation of § 37-4. As a result, cases addressing noninterest-bearing notes in violation of § 37-5 have referred to both §§ 37-4 and 37-5; see *Wesley* v. *DeFonce Contracting Corporation,* supra; *Mutual Protective Corporation* v. *Palatnick,* supra; *Contino* v. *Turello,* 101 Conn. 555, 126 A. 725 (1924); and solely to § 37-4. See *Atlas Realty Corporation* v. *House,* supra.

A particularly instructive case on the relevance of intent under § 37-4 is *Golden* v. *Lyons,* 151 Conn. 21, 193 A.2d 487 (1963). In *Golden,* a note evidencing a $13,970 loan had a face value of $20,000. Id., 23. The note called for monthly payments of interest at 12 percent per annum and quarterly repayments of principal. Id. The plaintiff accepted payments on the note according to its terms, and also demanded full payment of the note. Id., 25. The court, finding the note to be usurious and in violation of § 37-4; id., 23; held that where a lender has actually charged, demanded or accepted interest in excess of the legal rate, "his action [is] per se usurious and cannot be condoned by any declaration of lack of intent to violate the law." Id., 27.

The court in *Golden* distinguished that case, where the lender by his actions had already declared his intent to exact usurious interest, from a situation where the lender "never assessed, collected or intended to collect" the usurious interest. Id., 26. A lender who has not acted to negate any stated intent, however, may explain why the loan is not usurious. Id.; see also *Maresca* v. *DeMatteo,* supra (lack of intent acknowledged as a basis to evade the usury bar to a deficiency judgment that was usurious on its face under § 37-4); *Community Credit Union, Inc.* v. *Connors,* supra (usurious intent relevant to a note claimed to be usurious under General Statutes [1949 Rev.] § 6779 [now § 37-4]).

Here, the referee found that there was no discussion of interest at any time between the parties, that the note was prepared by a third party who had no instructions regarding the interest provision, and that the plaintiff was not seeking any interest on the loan. The referee also found that Bowman's $50,000 check, on which a stop payment order was issued, would have been accepted by the plaintiff in full payment of the loan. We conclude, therefore, that the court properly considered whether the plaintiff lacked usurious intent under § 37-4 so as to exculpate it from forfeiture under § 37-8.

II

The defendants next claim that the court erred in finding that the plaintiff lacked the intent to charge a usurious interest rate. They argue that such a finding was contrary to the weight of the evidence based on the terms of the note itself, and based on the facts that the plaintiff was a sophisticated businessman who read the note and knew of the interest provision, and that the plaintiff obtained a prejudgment remedy in the sum of $80,000. We disagree.

On the basis of the findings discussed above, the referee concluded the plaintiff lacked the requisite intent. These findings are not clearly erroneous. *All American Pools, Inc.* v. *Lato,* 20 Conn. App. 625, 628, 569 A.2d 562 (1990).

Regarding the prejudgment remedy, the supporting affidavit indicates that the plaintiff sought an attachment of $80,000 to secure the $50,000 note and accrued statutory interest of approximately $28,000. No accrued interest on the note, based on an 18 percent rate, was included.

There is no error on the appeal; the cross appeal is dismissed.

In this opinion the other judges concurred.