[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs bring this action for non-payment of a promissory note in the principal amount of $20,000. The named defendant having died on or about April 1, 1994, Sandra J. Phelps, administratrix of his estate was substituted as a party defendant. The other party defendant is Katherine J. Weed, (Now Katherine J. Carlton), the ex-wife of Alan R. Weed[.]
The defendants, by way of special defense, claim the action is barred by the provisions of General Statutes § 37-8[1] in that the rate of interest is usurious.[2]
By way of reply to the Special Defense, the plaintiffs claim he note is exempt from the usury statutes pursuant to § 37-9.[3]
 Factual Background
At the time these loans were made Barry Heath and Alan Weed were both employed at Goodco Painting, Inc. and had been for many years previously. Heath was a commercial painter, approximately 49 years of age with an eighth grade education. In 1990 when the first note was made, Weed managed Goodco, (he was not the owner) and was in charge of the day to day operation of Goodco. He had been Heath's boss for approximately three years and in his management role assigned work and overtime opportunities to the CT Page 1751 various employees.
Prior to that time Heath acquired $20,000 from his share of a divorce settlement and had invested it in a C.D. account. He and Weed had spoken about that Heath was looking for a better return on his investment than the C.D. rate of interest.
At that time Weed was involved with others in opening a grocery store in Hartford and approached Heath about borrowing $20,000. He knew that Heath's C.D. was maturing and inquired about borrowing that sum. Heath, believing that Weed was an astute, businessman, and looking to improve the return on his money, agreed. Heath was aware that Weed owned property in Florida, which added to his feeling of security in dealing with Weed. Weed and his wife in fact owned two condominiums in Florida. It was their intent to retire to one of them and rent out the other, and one, in fact, was being leased out at that time.
Other than the upcoming grocery store the Weeds had no other commercial interests.
When Heath inquired about whether they needed an attorney, Weed told him they could do it between themselves. Weed had an old promissory note in his files which he gave to Heath. Heath took the note home to his wife who copied its several clauses on her typewriter changing the amounts and due dates to agree with the understanding between her husband and Weed: (plaintiff's exhibit 1).
The Heaths and the Weeds all signed the note, which by its stated terms calls for interest at a rate of 13%. The note, however, was payable in six months with the first five monthly payments of $433.34 being interest only and the sixth payment of $20,433.34, thus the true per annum rate was 26%.
Weed made all six payments of interest but at the end of the six month term told Heath he needed more time to pay the principal. Following the same procedure, Mr. Heath typed a new note with the same terms, for another six months and, again Weed made all six interest payments of $433.34 each. (This note was also signed by the four participants). (Exhibit G).
At the end of the second six month term, Weed again was unable to pay the principal and, again, a third six month note was prepared by Mrs. Heath with the same terms and conditions. CT Page 1752 (Exhibit F). This time, however, Weed signed his wife's name to the note in the presence of Heath and told Heath it was o.k. for him to do so.
Mrs. Weed did not authorize her husband to sign her name to the third note. At the time their marriage was failing and they were hardly speaking to each other.
Weed made only a couple of interest payments on this last note and no part of the principal has been paid.
Issues
This note is usurious on its face since by its terms it calls for an interest rate in excess of 12% per annum.
It is not exempted from the usury statute by § 37-9.(4). The Weeds were not engaged primarily in commercial pursuits. Mr. Weed's primary occupation was that of an employee of the Goodco Painting Company. His venture into the Hartford grocery store was his only business venture outside of his two condominiums in Florida, (only one of which was leased out). In fact, Weed told Heath he needed money for the Hartford store and also for some obligations in connection with his Florida property. The plaintiffs' argument of a § 37-9(4) exemption is further clouded by the fact that the final note (which is the one in default) was used to pay off the preceding one and not directly any business investment. Mrs. Weed was employed as a technician at the Winsted Memorial Hospital and was only peripherally involved, if at all, in Mr. Weed's activities. This appears to be a loan made originally to facilitate Mr. Weed's secondary, not primary activity, and, cannot find exemption under § 37-9(4).
It is, under Connecticut case law, a defense to the usury statute that the lender did not intend to charge a usurious rate of interest and the plaintiffs have raised this issue.
The lenders need not intend to violate the law. The issue is whether they intended to charge a usurious interest. Atlas RealtyCorp. v. House, 123 Conn. 94, 100 (1937). A mistake of law will not excuse a usurious loan. Here, the plaintiffs clearly intended to charge interest at a minimum of 13% per annum, even if one could accept that they did not understand they were charging double that.
This case is readily distinguishable from the cases of WesleyCT Page 1753v. DeFonce Contracting Corp. , 153 Ct. 400 (1966) and GreglonIndustries v. Bowman, 21 Conn. App. 131 (1990) relied on by the plaintiffs. In Greglon, the parties did not discuss a rate of interest. A usurious rate was inserted into the note by a third party draftee who received no instruction as to interest rates. In addition the maker tendered the amount of the note ($50,000) and the lender would have accepted that in full payment but the maker stopped payment on the check.
In the case at hand, the evidence clearly establishes the intent to collect more than the legal rate of interest by both the terms of the note and the actual acceptance of the usurious interest.
In the Wesley v. DeFonce case, the note was not usurious on its face. It carried no stated rate of interest. The note in question here is usurious on its face.
The Court recognizes the severe penalties attached to our usury statutes, but the weight of the evidence in this case requires that the Court rule the note in question was usurious on its face, that the lenders intended to charge a usurious rate of interest and that, pursuant to § 37-8, they cannot recover from the defendants.
Additionally, the Court finds that Katherine J. Carlton (Weed) did not authorize Alan R. Weed to obligate her on the note in question. The fact that she signed two previous notes does not, without more, cloak Alan Weed with apparent authority to bind her on this third one.
Judgment shall enter in favor of the defendants.
Klaczak, J.