[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JUNE 26, 1996
FACTS
By a one-count complaint, the plaintiff, Ronald Brauman, seeks to collect on a note for $11,800 made by the defendants, Gary and Doris Oplinger, in favor of the plaintiff, Ronald Brauman.[1] According to the terms of the note, the defendants agreed to pay the plaintiff $220.28 per month for 120 months. Said payments were to be made beginning on April 7, 1989 and continuing on the seventh day of each successive month until March 7, 1999. The note was secured by a mortgage given by the defendants in favor of Brauman on property located in Groton, Connecticut. (Plaintiff's Exhibit B.)
The note contained an interest rate of 19% per annum. The note also contained an acceleration clause that permits the plaintiff to seek the entire amount of the unpaid balance of the note when and if the defendants fail to make their agreed monthly CT Page 5031 payments. (Plaintiff's Exhibit A.) The plaintiff alleges and the defendants admit that they have defaulted on the note.
Based on this default, the plaintiff seeks money damages, reasonable attorney fees, interest, costs, and an order from the court setting a weekly payment schedule so that defendants can retire their debt.
By way of an amended answer and special defense dated February 9, 1996, the defendants claim that the plaintiff's action to collect on the note secured by a mortgage is barred by the usury laws of this state. The plaintiff counters that his attempt to collect on the note is not barred by the usury laws because it falls within one of the enumerated exceptions to the usury statute.
The parties have stipulated to the conduct of a summary trial in which all the exhibits were admitted without the need for testimony. Therefore, the plaintiff is entitled to recover on his note, if and only if, his claim is not barred by the General Statutes § 37-4 et seq. The determination of that issue by the court is therefore dispositive of the entire collection action.
DISCUSSION
General Statutes § 37-4 provides that:
 No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefore interest at a rate greater than twelve per cent per annum.
Thus, on its face, the note would seem to violate the usury laws of this state because it seeks an interest rate of 19%. The law, however, contains several exceptions to the general prohibition against interest rates above 12%. General Statutes § 37-9 states that:
 The provision of sections 37-4, 37-5 and 37-6 shall not affect . . . (3) any bona fide mortgage of real property in excess of five thousand dollars. CT Page 5032
Relying on this exception, the plaintiff asserts that his attempt to collect on the note is not barred by the usury statute. It is important to note, however, that the plaintiff is merely trying to collect on his note without foreclosing on the mortgage which secures the debt. The defendants assert that he must foreclose in order to have the benefit of the exception.
The plaintiff's reliance on the "bona fide mortgage" exception, however, is misplaced. In Atlas Realty Corporation v.House, 120 Conn. 661, 183 A. 9 (1936), the plaintiff sought to collect on two notes executed in their favor by the defendant and secured by a mortgage on real property. The plaintiff demurred to the defendant's answer which claimed that the plaintiff's attempt to collect on the note was barred by the usury statute. The trial court sustained the plaintiff s demurrer, and the defendant appealed. In construing the bona fide mortgage exception, the court stated that:
 We regard the principle consideration leading to the inclusion of mortgages in the exception from the effect of our usury statutes as indicating the intention of the Legislature in so doing, and the intended scope or the exception, to have been that in foreclosure, the primary means of enforcing a mortgage, the court, in the exercise of its equity powers, could afford relief from usurious features or the consequences thereof which would accomplish substantial justice and sufficiently answer the purposes sought by the statutes against usury. . . . To include within the exception an action on the note alone would enable a usurer, by taking a mortgage securing his loan and then ignoring it and bringing action on the note alone, to defeat the predominant purpose of these statutes. Such a result clearly is beyond any reasonable conception of the intent of the Legislature in providing the exception, and a limitation of it to a mortgage above the specified amount ($500) [now $5000], and action upon it as such is justified by the language of the statute, as well as in reason and justice.
Id. 670. Therefore, based on Atlas, the plaintiff can not rely on the bona fide mortgage exception of the statute by attempting to collect on the note without foreclosing on the mortgage securing CT Page 5033 the debt.
Under General Statutes § 37-8,
 No action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by sections 37-4, 37-5 and 37-6, or upon any cause arising from the negotiation of such loan.
In Greglon Industries, Inc. v. Bowman, 21 Conn. App. 131, 134,572 A.2d 369 (1990), the Appellate Court noted that:
 Connecticut's usury statutes provide a particularly severe penalty. . . . Under General Statutes § 37-8, a lender who loans money at an illegal interest rate is barred from recovering both interest and principal. Because of the penal nature of this forfeiture, the statute has been strictly construed . . . and our cases have made the issue of the lender's intent a relevant inquiry. `[A] lender can evade the usury bar by showing that he has no intent to extract more than the lawful rate of interest.'
(Citations omitted).
The existence of such an intent is a question for the trier of fact. See Douglas v. Boulevard Co., 91 Conn. 601, 604,100 A. 1067 (1917). Our Supreme Court has noted that:
 The intent which is necessary to constitute usury is not the specific intent to violate the statute but the intent to exact payments which exceed the amount of the interest allowed by the statute. . . . It is true that the mere fact that under the terms of a note the plaintiff would be entitled to recover more than the interest charge allowed by the statute does not conclusively establish such a usurious intent . . . but the circumstances which will explain away the apparent nature of the transaction are those which rebut the intent to charge an excessive rate: as, for example, where there was actually no intent to make such a charge . . . or where the charge was actually made as reasonable compensation for services in negotiating the loan and the like; or where the transaction claimed to be usurious was in fact CT Page 5034 an agreement to pay reasonable compensation for services rendered. . . . Proof that the lender did not mean to violate the statute, or did not have an evil purpose, does not establish that there was no usurious intent. Where all that appears in the case is that the lender has made a charge for the use of the money in excess of that permitted by the statute, it follows as a matter of law that there is an intent to violate the statute.
Manchester Realty Co. v. Kanehl, 130 Conn. 552, 556, 36 A.2d 114
(1944).
In this case, the plaintiff has filed a complaint to collect on a note that on its face contains an interest rate that is per se usurious. There is no evidence before the court that the plaintiff was actually trying to collect less than this usurious amount. In fact, plaintiff s affidavit of debt (Plaintiff's Exhibit D) notes that the plaintiff is due $11,401.61 as principal, and interest to 3/14/96 of $12,777.75. An asterisk next to this amount refers the reader to a note that states the interest was calculated "[a]t the rate of 19% from 04/20/90, 30 days from the date of last payment."
Based on this evidence, the court finds that the plaintiff had the requisite intent to violate the usury statutes. He is therefor barred from collecting on it. "When the plaintiff payee made demand of [the] endorser for the face of this note, he was demanding usurious interest which is prohibited by these statutes, and he cannot maintain an action upon such demand."Contino v. Turello, 101 Conn. 555, 561, 126 A. 724 (1924).
For the above-stated reasons, judgment shall enter in favor of the defendant.
HURLEY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 5038