******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

AMERICAN EXPRESS BANK, FSB *v.* KRZYSZTOF
RUTKOWSKI ET AL.
(AC 38900)

Sheldon, Beach and Sheridan, Js.

*Syllabus*

The defendants appealed from the trial court's judgment rendered in favor
of the plaintiff in connection with the plaintiff's action to recover for
the defendants' breach of a contractual credit agreement. The defendants
opened a credit card account with the plaintiff, were mailed a credit
card and cardmember agreement, used the account to pay for various
goods and services, and received monthly billing statements from the
plaintiff. When the defendants failed to make payments on the account,
the plaintiff closed the account, which had a balance of $182,367.29. In
opposing the plaintiff's motion for summary judgment, the defendants
asserted, inter alia, that the plaintiff's claim was barred by the statute
of frauds (§ 52-550 [a] [6]), which bars civil actions upon any agreement
for a loan in excess of $50,000 unless the agreement is written and
signed by the party to be charged. The trial court granted the motion
for summary judgment as to liability and, following a hearing in damages,
rendered judgment for the plaintiff for the full amount of the balance,
plus costs. On appeal to this court, the defendants claimed that the trial
court improperly granted summary judgment on the issue of liability
because the credit card agreement constituted a loan under the statute
of frauds, and, therefore, enforcement of the agreement was barred in
the absence of a writing signed by the defendants. *Held* that the trial
court properly granted the plaintiff's motion for summary judgment
because the present action was not barred by the statute of frauds: the
plaintiff's claim for breach of a contractual credit agreement was not
related to any agreement for a loan that exceeded $50,000 because the
underlying agreement was not a loan within the meaning of § 52-550
(a) (6); furthermore, the defendants were never given a sum of more
than $50,000 by the plaintiff but, rather, were able to make third party
transactions in varying amounts through the use of the credit card
account.

Argued April 24—officially released July 4, 2017

(Appeal from Superior Court, judicial district of New
Britain, Hon. Joseph M. Shortall, judge trial referee
[summary judgment as to liability]; Wiese, J.
[judgment].)

*Procedural History*

Action to recover damages for, inter alia, breach of
a credit card agreement, and for other relief, brought
to the Superior Court in the judicial district of New
Britain, where the defendants were defaulted for failure
to plead; thereafter, the court, *Abrams, J.*, granted the
defendants' motion to open the judgment; subsequently,
the court, *Hon. Joseph M. Shortall*, judge trial referee,
granted the plaintiff's motion for summary judgment as
to liability; thereafter, following a hearing in damages,
the court, *Wiese, J.*, rendered judgment for the plaintiff,
from which the defendants appealed to this court.
*Affirmed.*

*Scott M. Schwartz*, for the appellants (defendants).

*Erica Gesing*, for the appellee (plaintiff).

*Opinion*

SHERIDAN, J. The defendants, Krzysztof Rutkowski and Tri-City Trading, LLC, appeal from the judgment rendered by the trial court in favor of the plaintiff, American Express Bank, FSB. On appeal, the defendants claim that the court improperly rendered summary judgment as to liability on the plaintiff's claim of breach of a contractual credit agreement because the statute of frauds, General Statutes § 52-550 (a) (6), bars enforcement of the agreement. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendants opened a credit card account with the plaintiff on February 26, 2004. Upon opening the account, the defendants were mailed a credit card along with a copy of the cardmember agreement. The defendants used the credit card account to pay for various goods and services and received monthly billing statements from the plaintiff. The defendants did not object to the balances shown as due and owing on the monthly statements provided by the plaintiff. Following the defendants' failure to make payments on the credit card account, the plaintiff closed the account with a remaining balance due and owing of $182,367.29.

On August 15, 2013, the plaintiff commenced the present action against the defendants. The amended complaint filed on December 20, 2013, alleged one count of breach of a contractual credit agreement (count one) and one count of unjust enrichment (count two).[1] The defendants filed an answer denying the allegations of the complaint and alleging special defenses claiming inter alia, that the plaintiff's claims were barred by the statute of frauds, § 52-550 (a) (6).

The plaintiff subsequently filed a motion for summary judgment on both counts on August 13, 2015. The court, *Hon. Joseph M. Shortall*, judge trial referee, found that the statute of frauds did not bar the plaintiff's claim, there was no genuine issue of material fact, and thus the plaintiff was entitled to judgment as a matter of law on count one as to liability only.[2] Following a hearing in damages, the court, *Wiese, J.*, rendered judgment for the plaintiff on count one in the amount of $182,367.29 plus costs. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the relevant standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the

facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 597, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007).

On appeal, the defendants claim that the court erred in granting summary judgment on the issue of liability on count one because the statute of frauds, § 52-550 (a) (6),[3] bars the enforcement of any loan exceeding $50,000 in the absence of a writing signed by the party to be charged. The plaintiff argues that the court did not err because the contractual credit agreement between the plaintiff and defendants was not a loan, and thus it was not governed by the statute of frauds.

We agree with the plaintiff that the present action is not barred by the statute of frauds. The plaintiff's claim for breach of the contractual credit agreement was not related to "any agreement for a loan in an amount which exceeds fifty thousand dollars"; General Statutes § 52-550 (a) (6); because the underlying credit agreement was not a loan within the meaning of the statute of frauds. Cf. *Stelco Industries, Inc.* v. *Zander*, 3 Conn. App. 306, 307-308, 487 A.2d 574 (1985) (credit sales agreement was not subject to usury statutes because indebtedness to plaintiff arose out of credit sales transactions, and not out of loan of money). The defendants have failed to point to any legal authority in support of the proposition that the defendants' credit card agreement constitutes a loan as contemplated by the statute of frauds.[4] Further, the defendants were never given a sum that exceeds $50,000 by the plaintiff, but rather were able to effectuate third party transactions in various amounts through the use of the defendants' credit card account with the plaintiff. Accordingly, the trial court properly granted the plaintiff's summary judgment motion, and we affirm the judgment of the trial court.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Count two is not at issue in this appeal.

[2] The court declined to render final judgment because "the amount in demand [was] differently stated in the complaint, the motion [for summary judgment] and the affidavit of debt, and no bill of costs [was] on file."

[3] General Statutes § 52-550 (a) provides, in relevant part: "No civil action may be maintained in the following cases unless the agreement, or a memorandum of agreement, is made in writing and signed by the party, or the agent of the party, to be charged . . . (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars."

[4] The defendants' brief cites to Black's Law Dictionary (9th Ed. 2009) as defining a "loan" as "[a] thing lent for the borrower's temporary use; esp., a sum of money lent at interest," as well as a 1962 case stating that "[a] loan is made when borrower receives money over which he exercises dominion and which he expressly or impliedly promises to return." *Rogers* v. *Hannon-Hatch Post No. 9929*, 23 Conn. Supp. 326, 327, 182 A.2d 923 (1962). Although these remote authorities may help to establish what constitutes a "loan," they fail to establish how the defendants' credit card agreement

should be considered as such.

[5] At oral argument before this court, a question was raised regarding a provision in the cardmember agreement specifying that "Utah law and federal law govern this Agreement and the Account." Practice Book § 10-3 (b) provides that "[a] party to an action who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this state shall give notice in his or her pleadings or other reasonable written notice." The defendants in the present case did not rely on Utah law or federal law in alleging their special defense or in opposing the plaintiff's motion, choosing instead to argue that the action was barred by General Statutes § 52-550 (a) (6). The parties are bound by their pleadings. *O'Halloran* v. *Charlotte Hungerford Hospital*, 63 Conn. App. 460, 463, 776 A.2d 514 (2001). Moreover, "[g]enerally, claims neither addressed nor decided by the trial court are not properly before an appellate tribunal." (Internal quotation marks omitted.) *Natarajan* v. *Natarajan*, 107 Conn. App. 381, 394 n.8, 945 A.2d 540, cert. denied, 287 Conn. 924, 951 A.2d 572 (2008). Accordingly, we decline to decide any questions under Utah law or federal law.

───────────────