[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The complaint alleges that the plaintiff corporation and the defendant city entered into an agreement in writing dated June 28, 1991, under which the plaintiff agreed to provide preventive maintenance services for the elevators and escalators located in the Stamford Transportation Center.
Under the agreement, which has been made part of the complaint, the defendant city agreed to pay for the services on a monthly basis. The plaintiff asserts that the agreement provided, should the defendant be delinquent in the monthly payments, "a service charge calculated at the rate of one and one-half percent per month or the highest legally permitted rate, whichever is less, shall be applicable to delinquent payments." This action is to recover the sum of $14,400.00 together with interest at the rate of 18% per year (one and one-half percent per month for twelve months) from March 5, 1993.
The Defendant's motion to strike claims the plaintiff is seeking to collect interest at a rate that is usurious, citing General Statutes § 37-4, which prohibits loans of money at a rate greater than 12% per year and General Statutes § 37-8 which prohibits actions to recover principal or interest on any loan which is in violation of the usury statute.
The plaintiff responds and this court agrees that neither statute is applicable to the present case, because the plaintiff did not lend money to the defendant. The plaintiff in its complaint claims to have performed services for which it expected to be paid on a monthly basis. The agreement of June 28, 1991 clearly provides that the charge of one and one-half percent per month is applicable only to delinquent payments, not to the total price of the services provided.
This issue has been decided by the Appellate Court in StelcoIndustries v. Zander, 3 Conn. App. 306 (1985), citing the United States District Court for the District of Connecticut, inScientific Products v. Cyto Medical Laboratory, Inc., 457 F. Sup. 1373
(D. Conn. 1978):
. . . the court, after a thorough analysis of this state's usury statute, concluded that `Connecticut's courts have never expanded the usury statute to include any transaction which was not a loan of money, and, on the basis of what has been considered above, I do not believe that they would do so in this case if it was before them for decision. Furthermore, the fact CT Page 1795 that the Connecticut statute provides a particularly severe penalty-lenders who violate the statute shall forfeit not only all interest but also all the principal . . . is an additional reason for not reading the usury statute more broadly than it is written., Id., 1377-78.
 Both the judicial and legislative treatment of debts arising from the sale of goods on credit clearly indicate that Connecticut adheres to the traditional, historical and analytical views that sales on credit are not equated with loans and that the prohibition of usurious interest applies only to loans of money. Although Connecticut's legislature has enacted a great amount of legislation to regulate the interest charges made by sellers of goods to consumers, it has not amended its long-standing statute prohibiting usurious interest charges on the loan of money. In the face of such long silence by the legislature, for this court to decide that the prohibition of Connecticut's usury statute should extend to debts arising out of other kinds of transactions than from a loan of money would be presumptuous. Such a decision calls for a policy judgment. Unless the courts are to become super-legislators, the elected legislators must be permitted to make that judgment.'
Id., 1380."
Stelco Industries, supra, 308-09.
The plaintiff's objection to the defendant's motion to strike is sustained; the defendant's motion to strike is denied.